## CAUFFMAN v. SHOWALTER.

[No. 22,775.    Filed June 30, 1916.]

ELECTIONS.—*Ballots.— Marks.— Validity.*—Under §§6927, 6934 Burns 1914, Acts 1897 p. 49, on the subject of marking ballots, ballots marked with a cross in a square opposite the title of an office for which the name of no candidate appears are not invalid as bear-

ing distinguishing marks, and should be counted, where it is apparent that such marks were not made with fraudulent intent and where such ballots are otherwise regular.

From Kosciusko Circuit Court; *Francis E. Bowser*, Judge.

Action by Erasmus W. Showalter against John W. Cauffman. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*John D. Widaman, Allan S. Widaman,* and *L. W. Royse,* for appellant.

*T. Wayne Anglin, A. G. Wood* and *M. L. Gochenour,* for appellee.

SPENCER, J.—The principal question presented by this appeal from the judgment of the Kosciusko Circuit Court, declaring that on November 3, 1914, appellee was duly elected trustee of Clay township in Kosciusko county, involves a consideration of the trial court's third and fourth special findings of fact and of its conclusion of law based in part on such findings. The court has thus found, in substance, that at the election in question appellant and appellee were the Republican and Democratic candidates, respectively, for the office of township trustee; that at said election there were cast for appellant for that office 138 votes which were in all respects regular and legal, and which appellant is entitled to have counted for him for such office; that in addition to such votes there were also cast fourteen other ballots in which no mark appeared in the circle at the head of the ticket, but on each of which a cross was made by the voter in the square opposite the name of appellant, as it appeared on such ballots as a candidate for said office; that in neither of such ballots was a cross placed in the square opposite the name of appellee, as it appeared on such ballots as a candidate for said office,

but that in each of such ballots crosses were made in the squares opposite the names appearing thereon as Democratic candidates for other township offices, and also in the square opposite a designated township office for which the name of no candidate appeared; that said ballots were in all respects regular and valid; that it does not appear that such crosses so appearing opposite the designated office for which the name of no candidate appeared were made as a distinguishing mark by the persons casting such ballots, except as such inference may be drawn from the fact of such crosses being so made; that if said fourteen ballots are counted for appellant, his total vote for the office of township trustee will be 152. Similar facts are found which show the rejection of six votes which would otherwise have been counted for appellee, and show further that if such votes are so counted appellee will receive a total of 151 votes.

The election statutes of Indiana have received recent and careful consideration by this court in the cases of *Lewis* v. *State, ex rel.* (1915), 184 Ind. 99, 109 N. E. 777, and *Spaulding* v. *Romack* (1916), *ante* 105, 113 N. E. 229, and the conclusions therein reached serve to sustain a holding in this case that, under such statutes, the placing of a cross in a square opposite a designated township office, in which the name of no candidate appears, does not of itself constitute a distinguishing mark and thereby serve to invalidate the ballot. See, also, *Bell* v. *Clawson* (1913), 261 Ill. 148, 103 N. E. 591. The principal authorities here relied on by appellee were considered by this court in the cases above cited, and there is no reason for extending this opinion with a further discussion of the same. There can be no doubt that the fourteen votes cast for appellant and the six votes cast for appellee, as

above set out, were legal votes and should have been counted for the respective parties. When so counted, it appears that appellant was duly elected to the office of township trustee by one vote.

The conclusion thus reached requires a reversal of the judgment below and renders unnecessary a consideration of other questions presented by the appeal. Judgment reversed, with instructions to the trial court to restate its conclusion of law in accordance herewith.

NOTE.—Reported in 113 N. E. 295. Validity and construction of law as to marking ballots, note 47 L. R. A. 806. Irregularities in marking ballots, 16 L. R. A. 754; 49 Am. St. 240; 15 Cyc 359.