STATE EX REL. THOMPSON V. MARSH

[No. 28,150.   Filed January 11, 1946.]

*Charles E. Thompson,* pro se.

*Alvin F. Marsh,* of Plymouth, pro se.

RICHMAN, J.—Relator, who is in State Prison on sentence by the Marshall Circuit Court, filed a petition asking that we mandate its judge, respondent herein, to hear a petition for writ of error *coram nobis* filed in that court. Respondent's verified return answering the petition for mandate discloses that on relator's application made at the time the petition for writ of error *coram nobis* was filed, February 1, 1945, the court appointed an attorney to represent relator in said proceeding of which appointment he was advised. As we read the return, which is somewhat ambiguous, relator selected the attorney appointed. The return also shows that the prosecuting attorney filed a demurrer to the petition, respondent on several occasions has fixed a time for argument of the demurrer and on each occasion relator's attorney and the prosecuting attorney have asked that the matter be continued until another day. The date the demurrer was filed and the several dates set for its hearing are not shown. Respondent says that petitioner has not requested that the attorney appointed for him be discharged nor informed respondent that the attorney no longer represents petitioner. Respondent expresses his willingness to hear the matter at any time that relator or his attorney requests and asks that this petition be dismissed.

We do not believe respondent's return adequately explains or excuses 11 months' delay in disposition

of relator's petition. It is not for us to fix responsibility for what has occurred but rather to direct remedial action. A judge has a duty not only to litigants but to the public to expedite the business of his court. If lawyers are not diligent in their clients' interests the judge has the remedy in his own hands. He may set a matter for hearing upon proper notice and insist upon its disposition on the day set. While assistance of counsel is desirable it is not indispensable. The sufficiency of a petition or complaint to withstand demurrer may be determined in the absence of the attorneys for the parties. So we think respondent is not justified in his present attitude of awaiting the request of his appointee for argument of the demurrer. Surely within the next 30 days an hour may be set for this argument, with reasonable notice to the attorneys, who in view of the delay which has already occurred have no right to insist upon further delay or complain if the judge rules in their absence. A ruling adverse to relator would result in final judgment. If the demurrer be overruled, the case should promptly proceed to hearing and judgment. Obviously we cannot prescribe exact time limitations for proceedings after such ruling.

It is ordered that respondent proceed as outlined in this opinion.

Note.—Reported in 64 N. E. (2d) 293.