NOTE.—Reported in 97 N. E. 2d 864.

STATE EX REL. SINGER v. NIXON, JUDGE.

[No. 28,775. Filed April 5, 1951.]

*Hugo A. Singer, pro se.*

DRAPER, J.—On January 22, 1951 the relator, who is an inmate of the state prison, filed in the Pike Circuit Court his verified motion to vacate a judgment of conviction which was entered against him in that court on September 9, 1947. He also petitioned the court for leave to prosecute the same as a poor person, and for an order directing his return from the Indiana state prison to the jail of Pike county to be present in person at the hearing on his motion to vacate judgment.[1]

Leave to proceed as a poor person was granted and James Cooper, Public Defender, was appointed to represent the relator. Thereafter the State demurred to the relator's motion to vacate judgment on the ground that the motion does not state facts sufficient, and on the further ground that the Pike Circuit Court is without jurisdiction of the subject matter of the motion. The demurrer was sustained. No further proceedings have been had in that case.

On March 29, 1951, the relator filed in this court his petition in which he asks this court to issue an alternative writ commanding the Judge of the Pike Circuit

---

[1] The motion is, in fact, a motion for writ of error coram nobis. It is here considered and treated as such. *State ex rel. McManamon* v. *Blackford Circuit Court* (1950), 229 Ind. 3, 95 N. E. 2d 556.

Court to show cause why he should not set a date for hearing on said motion; order relator's return to Pike county for the hearing; and forthwith duly hear and determine the motion.

This court is powerless to mandate the trial court to direct the return of the relator from the State prison to the jail of Pike county for the trial of his motion to vacate judgment. We could only mandate the trial court to rule on the relator's petition seeking his return, in the event the trial court failed or refused to do so. If, in ruling on that petition, the trial court errs, such error can be corrected on appeal to this court. *State ex rel. Vonderschmidt* v. *Gerdink* (1946), 224 Ind. 42, 64 N. E. 2d 579.

Nor can we mandate the trial court to hear and determine the motion to vacate judgment on its merits. As above stated, the trial court has sustained the state's demurrer to the relator's motion. Nothing is now pending before the trial court which calls for action on its part. The relator should dismiss, amend, or elect to abide by the ruling sustaining the demurrer, refuse to plead further and suffer a judgment to be rendered against him. In the latter event he can appeal to this court.

Writ denied.

Emmert, J., concurs in result.

NOTE.—Reported in 97 N. E. 2d 865.