STATE EX REL. FAIRCHILD *v.* CRIMINAL COURT OF
MARION COUNTY, DIVISION ONE, ET AL.

[No. 28,846. Filed January 30, 1952.]

*Frank H. Fairchild,* Prosecuting Attorney, for
relator.

*Robert L. Carrico,* and *Albert W. Ewbank,* both of
Indianapolis, for respondents.

EMMERT, J.—This is an original action for a writ of prohibition to prohibit the trial court from exercising further jurisdiction in Cause No. CR 3663 entitled The State of Indiana v. James LaMarr, pending an appeal by the State from a judgment for LaMarr on his petition for writ of error coram nobis, filed in the original prosecution, in which he entered a plea of guilty to an indictment for manslaughter, upon which he was sentenced to the Indiana State Prison for a term of from two to twenty-one years. On September 14, 1951, the trial court, after hearing, entered a finding and judgment for the petitioner LaMarr, which vacated the judgment on his plea of guilty. An order fixing bail in the sum of $2,000 was entered, and on September 17th LaMarr filed recognizance bond which was approved and he was released from custody thereon.

On September 17th the State filed with the Clerk of the Criminal Court of Marion County its praecipe for transcript for purposes of appeal, and on October 13th the State filed with the Clerk of our court a transcript and assignment of errors pursuant to Rule 2-40 governing appeals from an adverse judgment on a petition for writ of error coram nobis. On October 4th LaMarr filed his motion for an early trial on the indictment, and the trial court set the cause for trial November 30, 1951. A temporary writ issued by us did not question the jurisdiction of the trial court to fix the bail and accept recognizance bond, but it did prohibit the trial court from proceeding with the trial of defendant James LaMarr on charges pending against him until the final disposition of the appeal now pending in this court.

Rule 2-40 in part provides, "All proceedings in the lower court shall be stayed until the appeal is deter-

mined." This rule conforms to the general rule concerning the general effect of an appeal as stated in Ewbank's Manual of Practice (2d Ed.) p. 2, §1, that, "An appeal from a final judgment has the effect of transferring the entire cause to the appellate tribunal; the trial court retains jurisdiction to retax costs, and to correct the record, or enforce the judgment when not stayed by order or supersedeas, or the like, but it is not permitted to intermeddle with the subject-matter of the appeal." See also *Stephenson* v. *State* (1932), 205 Ind. 141, 195, 186 N. E. 293; 17 C. J. 108, §3380.

It is quite obvious that the trial court had no jurisdiction to proceed to try LaMarr on the original indictment pending a determination on appeal of the State's assertion that the trial court erred in setting aside the judgment of conviction by the proceeding for the writ of error coram nobis.

The temporary writ of prohibition is made permanent.

NOTE.—Reported in 103 N. E. 2d 352.