STATE OF INDIANA *v.* MARSHALL.

[No. 28,868.   Filed April 10, 1952.]

*J. Emmett McManamon,* Attorney General, *John Ready O'Connor,* Deputy Attorney General, *John H. Daily,* Deputy Prosecuting Attorney, 19th Judicial Circuit, for appellant.

*Ernest E. Owens,* of Indianapolis, for appellee.

DRAPER, J.—On the 30th day of January, 1946, in the Criminal Court of Marion County a verdict was returned finding the appellee Marshall guilty of robbery, and he was duly sentenced to imprisonment for not less than ten nor more than twenty-five years. His motion for new trial was overruled on June 26, 1946.

On October 27, 1951, Marshall filed a pleading which has been treated throughout as a petition for writ of error *coram nobis.* The state filed a special appearance and plea in abatement which was assigned to be heard on December 7, 1951. On that day the plea in abatement was "dismissed" by the court, and the court announced that it would at once proceed to trial on the merits of the petition.

Thereupon the state advised the court that it wished to prepare and file a demurrer to the petition for the purpose of questioning the legal sufficiency thereof. The state further objected to the hearing of the matter on its merits at that time because it had no answer

on file. The state informed the court that it wished to prepare and file an answer in the event its demurrer was overruled. The state further objected to the immediate disposition of the matter on its merits for the reason that it had had no opportunity to allege affirmative defenses by way of answer or to subpoena witnesses for the purpose of establishing any defense. The objections were overruled. The court proceeded to hear the petition on its merits; granted the appellee a new trial; and fixed his bond at $1,000. The state refused to participate in the hearing on the petition.

The state here complains that the trial court erred in denying to it a reasonable opportunity to plead in opposition to said petition, and to produce witnesses for a hearing on the merits.

At the time appellant filed its plea in abatement the appellee had failed to serve notice upon the attorney general of the filing of his petition as required by Burns' 1951 Replacement, §49-1937. The plea in abatement was not without merit when filed, for we have held that under said section a copy of the petition for writ of error *coram nobis* must be served upon the attorney general, and until such copy is served no action has been commenced. *State ex rel. Hunter* v. *Murray* (1950), 228 Ind. 93, 89 N. E. 2d 539. Only at the time of the hearing on the plea in abatement did the appellee make proof that he had caused a notice to be served on the attorney general. Such notice was not served until December 1, 1951.

A petition for writ of error *coram nobis* is in the nature of a civil proceeding. *State ex rel. Cutsinger* v. *Spencer, Judge* (1941), 219 Ind. 148, 41 N. E. 2d 601. We have heretofore recognized the demurrer as a proper pleading to test the legal sufficiency of such a petition. *State ex rel. Thompson* v. *Marsh* (1946), 224 Ind. 14, 64 N. E. 2d 293; *State*

*ex rel. Singer* v. *Nixon* (1951), 229 Ind. 276, 97 N. E. 2d 865. The state may join an issue of fact by controverting the allegations in the petition or motion and such issue should be tried as other issues of fact are tried, by the introduction and consideration of relevant evidence. *Sanders* v. *The State* (1882), 85 Ind. 318; *Beard* v. *State* (1949), 227 Ind. 717, 88 N. E. 2d 769.

The expeditious administration of justice is desirable. The rights of litigants should be determined without undue delay. But parties should be allowed sufficient time within which to take all necessary and proper steps for the protection of their rights. Such protection is usually best afforded by extending to them a reasonable opportunity to avail themselves of recognized and accepted methods of procedure. The statute provides that an answer in abatement must precede an answer in bar. The issue thereon must be tried first and separately. If the issue be found against the answer, the judgment must be that the party *plead over,* and against him for costs up to that time. Burns' 1946 Replacement, §2-1034.

In its brief the state raises what appear to be serious questions concerning the sufficiency of the petition for writ of error *coram nobis.* We do not deem it necessary or proper to consider them at this time. On the record before us it appears that after the plea in abatement was disposed of, the state did not have a reasonable opportunity to test the sufficiency of the petition as a matter of law, nor did it have a reasonable opportunity to join issues of fact, nor to support those issues if such were joined.

Nothing in this record would indicate that the state had resorted or was resorting to dilatory or delaying tactics, or that it had taken or had tried to take any steps whatever which were calculated to prejudice the rights of the appellee or the convenience of the court.

If there were any circumstances present in this case which would justify the court in refusing to extend to the state a reasonable time within which to proceed further in the usual manner, they have not been brought to our attention. We have not been favored with a brief on behalf of the appellee. On the basis of the record before us, we must hold that the trial court abused its discretion in the respects referred to. The judgment granting appellee a new trial and admitting him to bail is, therefore, reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

NOTE.—Reported in 104 N. E. 2d 926.