### BURNS *v.* STATE OF INDIANA

[No. 28,893.  Filed November 18, 1952.  Rehearing denied
January 21, 1953.]

*T. Ernest Maholm,* of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General, *John Ready O'Connor* and *William T. McClain,* Deputy Attorneys General, for appellee.

BOBBITT, J.—Appellant filed his verified petition for writ of error *coram nobis* in the Shelby Circuit Court on October 12, 1952, reciting that he was arrested on or about May 22, 1948 and imprisoned in the Shelby County Jail where he was held until June 2, 1948, when he was taken before the Judge of said court where he entered a plea of guilty to a charge of arson in the first degree; that during the time between his arrest and his plea he was neither taken before a magistrate and formally charged with an offense nor permitted the advice and assistance of counsel; and, further, that at the time he entered his plea of guilty the court made no inquiry as to whether or not he was financially able to employ counsel nor did the court advise him of his right to counsel or of his right to trial by jury and to have witnesses called in his behalf. The petition sought to vacate and set aside the judgment rendered upon his plea of guilty, and a withdrawal of the plea. After

hearing, the trial court denied the writ, and it is from this judgment that appellant prosecutes this appeal.

The sole question here presented is:

Is the judgment of the trial court contrary to law?

Upon motion of his counsel appellant was returned from the Indiana State Prison on February 1, 1952, to testify in his own behalf at the hearing on his petition for a writ of error *coram nobis*.

Appellant introduced evidence in support of his said petition and appellee introduced evidence controverting each and every allegation therein contained. The evidence, as shown by the record, is in conflict on the material allegations of appellant's petition. When this is true, we will not weigh the evidence or determine the credibility of witnesses. *Lykins* v. *State* (1952), 231 Ind. 258, 108 N. E. 2d 270; *Sells* v. *State* (1952), 231 Ind. 137, 107 N. E. 2d 264; *State* v. *Lindsey* (1952), 231 Ind. 126, 106 N. E. 2d 230; *Abraham* v. *State* (1949), 228 Ind. 179, 91 N. E. 2d 358; and the decision of the trial court will not be disturbed if there is evidence of probative value to sustain it. *Sells* v. *State, supra; State* v. *Lindsey, supra.*

A consideration of the evidence favorable to appellee discloses that the trial court complied fully with Rule 1-11 of this court, and that the recorded proceedings[1]

---

[1] "PLEAS AND PROCEEDINGS had and taken in Cause No. 4755, in the Shelby Circuit Court, on the 2nd day of June, 1948, being the fifteenth judicial day of the May Term, 1948, before the Honorable Harold G. Barger, Judge of the Shelby Circuit Court, to-wit:

"The State of Indiana appears by Harold Meloy, Prosecutor of Shelby County, Indiana. The defendant, Charles Irven Burns, was present in Court without counsel.

"The defendant, Charles Irven Burns, answered the ques-

clearly show that appellant was fully advised as to his constitutional rights of representation by counsel and trial by jury. The record further discloses that the fire for which appellant was arrested on May 30, 1948, occurred on May 29, 1948, and that he was arraigned on June 2, 1948, on the affidavit of the sheriff of Shelby County at which time he entered his plea of guilty and sentence was pronounced.

tions propounded by the Honorable Harold G. Barger, Judge of the Shelby Circuit Court, as follows:

"Q. Are you Charles I. Burns?

"A. Yes, sir.

"Q. How old are you, Mr. Burns?

"A. Sixty-six, the third of March.

"Q. Your middle name is I-r-v-e-n?

"A. Yes, sir.

"JUDGE BARGER: Listen to what I have to read to you:

" 'State of Indiana ⎱ ss.
     County of Shelby ⎰

In the Shelby Circuit Court
May Term, 1948.

The State of Indiana ⎫
        versus            ⎬
Charles Irven Burns ⎭

Affidavit for Arson No. 4755.

Fred Gravely being duly sworn, upon his oath says That he is informed and believes

That on or about the 29th day of May, A.D., 1948, at the County of Shelby, in the State of Indiana: CHARLES IRVEN BURNS did then and there feloniously, wilfully and maliciously set fire to and burn a certain dwellinghouse, then and there the property of another person, towit: Lillian Burns, and did then and there and thereby feloniously, wilfully and maliciously burn and destroy said property, to the damage thereof in the sum of $1,600.00, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana.

signed/Fred Gravely

Subscribed and sworn to before me, this 2nd day of June 1948. Harold Meloy, Prosecuting Attorney.'

.   .   .

Appellant's daughter testified that she visited him in jail three or four times before he was sentenced, and that her father did not ask her to get him a lawyer.

The prosecuting attorney testified that on June 1, 1948, he was called to the sheriff's office where officers from the State Fire Marshal's office and the county sheriff were talking to appellant about the charges on

"JUDGE BARGER (continuing)—which constitutes an affidavit for arson in the first degree. (Reading from the Statute) : 'Any person who wilfully and maliciously sets fire to or burns, or causes the setting of fire to or the burning, or who aids, counsels or procures the setting of fire to or the burning of any dwelling-house, rooming-house, apartment-house or hotel, finished or unfinished, occupied or unoccupied, or any kitchen, shop, barn, stable, garage or other outhouse, or other building that is part or parcel of any dwelling-house, rooming-house, apartment-house or hotel, or belonging to or adjoining thereto, finished or unfinished, occupied or unoccupied, such being the property of another; or being insured against loss or damage by fire and such setting of fire to or burning, or such causing, aiding, counseling or procuring such setting of fire to or such burning being with intent to prejudice or defraud the insurer, shall be guilty of arson in the first degree and, upon conviction thereof, shall be imprisoned in the state prison not less than two (2) nor more than fourteen (14) years.'

"Q. Mr. Burns, do you have any attorney to represent you in this case?

"A. No, I haven't.

"Q. Do you have any money to hire counsel in this case?

"A. Well, I have some money, but I didn't hire one.

"Q. I say, do you have any now to hire an Attorney in this case?

"A. Well, I had some money over at the house, but I didn't hire any.

"Q. Do you want an attorney to represent you in this case?

"A. Well, what do you think about it, Fred?

"Q. It's not what they think.

"A. I think there's no use.

"Q. Do you understand that under the Constitution of the

which he had been arrested, and that at that time he advised appellant that he was entitled to an attorney and appellant replied that he did not think he wanted one. The prosecuting attorney then said to appellant, "Well, you have a right to have one and when the Judge arraigns you, he will give you an opportunity to secure one."

Both the sheriff and the officer from the State Fire Marshal's office testified that they each advised appel-

United States and the Constitution of the State of Indiana, Mr. Burns, that you are entitled to an attorney, if you want one.

"A. Yes, but I don't want one.

"Q. You don't want any?

"A. No.

"Q. Do you understand the nature of this offense against you?

"A. Yes.

"Q. —that you are charged with arson?

"A. Yes, sir, I am guilty.

"Q. And that it carries two to fourteen years at the Indiana State Prison?

"A. Yes, sir.

"Q. Do you understand that you are entitled to a Jury in this case, entitled to have your case tried and the facts passed upon by twelve men?

"A. Yes, but I just thought I was guilty, I would just plead guilty and let it go.

"Q. You understand the nature of the offense here?

"A. Yes.

"Q. Have you ever been charged or convicted of any criminal offense before?

"A. No, sir, never been on anything before, never been on nothing.

"Q. You say you do have money to hire counsel in this case?

"A. Yes, sir, I have some money.

"Q. But you don't want an attorney?

"A. No, I don't want one.

"Q. You do understand the nature of this offense?

lant prior to June 2, 1948, that he was entitled to an attorney to represent him, and that in each instance he replied that he did not want one. There is additional evidence in the record which shows clearly that appellant's constitutional rights were not violated, but we do not deem it necessary to encumber this opinion by summarizing or setting it out.

"A. Yes, sir.

"Q. And you understand if you enter a plea of guilty here the Court can send you to the Indiana State Prison for not less than two years nor more than fourteen years?

"A. Yes, sir.

"Q. And you want to do that?

"A. Yes.

"Q. You understand that this is an indeterminate sentence and carries not less than two years nor more than fourteen years?

"A. Yes, sir.

"Q. That means that whatever the Parole Board would care to do, they might keep you for fourteen years?

"A. Yes, sir.

"Q. Mr. Burns, do you want to enter a plea at this time in this case, a plea of guilty, of guilty or not guilty?

"A. No, I am guilty.

"Q. Well, you want to enter a plea to this affidavit at this time?

"A. Well, I can't tell you. I am guilty, and that's all.

"JUDGE BARGER: Stand up, Mr. Burns.

(The defendant stands.)

(The affidavit is again read to the defendant by the Court.)

"Q. Now, Mr. Burns, at this time, do you understand the offense you are charged with?

"A. Yes, sir.

"Q. And do you understand the penalty?

"A. Yes, sir.

"Q. That you will be imprisoned in the Indiana State Prison upon a plea of guilty for not less than two years and not more than fourteen years?

There is an abundance of evidence in the record to sustain the decision of the trial court and it will not be disturbed.

It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached a contrary conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law. *Souerdike* v. *State* (1952), 231 Ind. 204, 108 N. E. 2d 136; *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669, 673.

Judgment affirmed.

Emmert, J., not participating.

NOTE.—Reported in 108 N. E. 2d 626.

"A.   Yes.

"Q.   And you understand you can have your case heard by a jury of twelve men and women of Shelby County, Indiana?

"A.   Yes, sir.

"Q.   You understand that?

"A.   Yes, sir.

"Q.   Do you want to try this case before a Jury?

"A.   No, I don't want to try it.

"Q.   You don't want to try it at all?

"A.   No.

"Q.   What is your plea, Mr. Burns, guilty or not guilty?

"A.   Guilty."