CANAN *v.* STATE OF INDIANA.

[No. 30,133. Filed January 31, 1962. Rehearing denied March 12, 1962.]

*William C. Erbecker,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Carl E. Van Dorn,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal from a proceeding for a writ of error coram nobis to set aside a judgment of conviction of first degree burglary entered against the appellant on the 23rd day of September, 1959. The appellant, in brief, claims that he was not adequately represented at the time he entered a plea of guilty. He alleges and testifies in substance that the court appointed one David P. Varble, Jr. as his attorney and that he spent approximately ten minutes in consultation with him and advised the appellant to change his plea from not guilty to guilty; that the attorney refused and neglected to subpoena any witnesses or inform him as to his constitutional rights; that he was not guilty of burglary, since there was no "breaking in" and that the court did not properly inform him as to his rights at the time he pleaded guilty; that he was under fear and duress at the time of the plea.

We have examined the testimony as presented in appellant's brief and the transcript. We find that the issue here resolves itself into a question of whether

the trial court believed the appellant and relied upon the credibility of his testimony or that of his attorney appointed by the court and other witnesses supporting the credibility and competency of such attorney.

This court, on appeal, will not weigh the evidence, but will consider only that evidence most favorable to the sustaining of the trial court's finding and judgment. The trial court had the choice of believing the petitioner or the other witnesses testifying to the contrary.

The appellant's attorney, Mr. Varble, testified that after he was appointed by the court to represent the appellant (as set forth in appellant's brief):

"I got a copy of the affidavit. I took it with me the first time I visited him in the Jail and I went over the elements involved in the charges. I did not take the statute to the jail. I did my research in the Law Library up here . . . After I was there on the 22nd he asked me to come back on the 23rd. I am not certain whether he told me he wanted to change his plea on the 22nd or 23rd, but he made the decision and I entered the plea for him . . . I asked him if he was familiar with the charge and he said he was and I asked him if he desired to change his plea and he entered the plea to the Court at that time . . . I advised that he had a right to stand trial. The case was never actually set for trial. I did not tell him there was nothing I could do to help him. It is not true that he plead and begged me to make some phone calls . . . He did not give me the names of any witnesses. He did not give me any story that would lead me to believe that he was not guilty and if he says he failed, neglected and refused to explain his constitutional rights, it is false. If he says that I failed to inform him that I had sufficient time to prepare his defense, that is false, and if he said that I failed to inform him that he could request the Court for a

continuance of the arraignment and a continuance of the trial date in order to give counsel adequate and sufficient time to properly prepare, that was false. He had been previously arraigned so that he would not need a continuance of that and no trial had been set. That if appellant said I used only ten minutes in the preparation of the trial, that statement is incorrect. The three meetings collectively might have totaled an hour. There was the other time spent in research and there was the time spent in the trip to the hotel and there was some time spent here on the change of plea and some discussion in the Chief's office after the change of plea. His constitutional rights were explained to him in deatil on the first interview and it is not true that he was not given ample and sufficient time to properly prepare his defense. It is not true that he was not given sufficient time to subpoena witnesses. I discussed these points with appellant and he never decided whether he wished to stand trial. It would have been necessary for him to make that decision and then we would have gotten to the witnesses for the defense. There never was a request to interview witnesses to set up a possible defense . . . If he said that he didn't voluntarily, freely, willingly, knowingly and understandingly enter a plea of Guilty because he did not know the legal import and effect of the charge and the legal import and effect of a plea of Guilty, that is not true. It was gone into on the first interview and again on the morning of the 23rd before he came into the Court Room and he knew what would happen if he entered a plea of Guilty so he knew the import of a plea of Guilty."

There was no trial in this case. It is apparent from the testimony that the defendant wanted to plead guilty and the record shows that other defendants involved in the same criminal episode were also pleading guilty in the court during those two or three days. He was present when one of the group pleaded guilty and was sentenced.

There is no presumption that competent counsel will not perform his function in properly advising a defendant. In fact, the presumption is to the contrary. *Penn* v. *State* (1961), 242 Ind. 359, 177 N. E. 2d 889; *Dowling et al.* v. *State* (1954), 233 Ind. 426, 118 N. E. 2d 801.

It is not the duty of the court to assume the function of counsel for defendant where he has counsel.

Approximately twelve (12) members of the Bar testified as to the competency of Mr. Varble as appellant's attorney and as to his experience in criminal matters. The trial court is better able to judge than we are in this court as to the competency of a member of its Bar in the conduct of a trial before it.

Appellant claims that he was not guilty of burglary because there was no forcible entry and breaking, but was guilty of a lesser offense. He testified, however, that he pushed aside the screen door when he entered the place of commission of the crime, and that he was armed. The evidence shows that he was advised by his counsel of the greater offenses of armed robbery and auto banditry being involved.

This is not the situation as set forth in the case of *Abraham* v. *State* (1950), 228 Ind. 179, 91 N. E. 2d 358. In that case the court-appointed attorney conferred with Abraham only twenty minutes before the trial and at no other time. In this case there were two conferences on the 22nd and a third on September 23rd. Certainly we should not assume that the appellant in this case was so ignorant that he was incapable of making up his own mind as to whether or not he was guilty and desired to plead guilty. There is no presumption that he is so ignorant that he does not know his guilt. It is not

the duty of counsel to oppose the plea of guilty if the defendant freely desires to so plead, unless counsel is aware of the defendant's innocence. An assumption to the contrary would mean that every violation of the law would be presumed to have been done in ignorance with no knowledge of its illegality.

After the plea of guilty and sentence and some time has passed, it is natural that a defendant may feel that he would have fared better had he gone through a trial. As stated in *Diggs* v. *Welch* (C. C. A. D. C. 1945), 80 U. S. App. D. C. 5, 148 F. 2d 667:

> " . . . The opportunity to try his former lawyer has its undoubted attraction to a disappointed prisoner. In many cases there is no written transcript and so he has a clear field for the exercise of his imagination. He may realize that his allegations will not be believed but the relief from monotony offered by a hearing in court is well worth the trouble of writing them down. . . . We do not believe that allegations even of serious mistakes on the part of an attorney are ground for habeas corpus standing alone. . . . They are all cases where the circumstances surrounding the trial shocked the conscience of the court and made the proceedings a farce and a mockery of justice. . . ."

Under the record as presented we are asked to weigh conflicting evidence, which we may not do on appeal. *Masuth* v. *State* (1954), 233 Ind. 515, 120 N. E. 2d 272; *Burns* v *.State* (1952), 231 Ind. 563, 108 N. E. 2d 626.

Judgment is affirmed.

Achor, C. J., and Jackson, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 179 N. E. 2d 746.