WILSON *v.* STATE OF INDIANA.

[No. 1067S109. Filed January 7, 1969. Rehearing denied September 22, 1969].

*William E. Erbecker,* of Indianpaolis, for appellant.

*John J. Dillon,* Attorney General and *Michael V. Gooch,* Deputy Attorney General, for appellee.

JACKSON, J.—This is an appeal from a judgment denying appellant's application for a Writ of Error Coram Nobis by which he sought to vacate and set aside a judgment entered on a plea of guilty to the crime of Murder in the Second Degree.

On March 5, 1963, appellant was indicted by the Grand Jury of Kosciusko County for the crime of Murder in the First Degree. Arraignment on said charge was on April 20, 1963, at which time appellant entered a plea of guilty to the crime of Murder in the Second Degree. On the entering of such plea the court ordered a pre-sentence investigation made and filed. Such arraignment and proceedings in connection therewith, omitting heading and formal parts, read as follows:

"Comes now the State of Indiana by Allan A. Rasor, Prosecuting Attorney, and also comes the defendant in person by his attorneys, Brooks C. Pinnick and Byron C. Kennedy.

The Court now advises the defendant of his constitutional and legal rights and makes inquiry to determine that the defendant has been duly and sufficiently advised of such rights and understands the nature of the charges filed against him and the punishment which may be assessed therefor. The Court being duly advised that such defendant has been sufficiently and properly advised, now arraigns said defendant.

Comes now the defendant and moves the Court for leave to enter a plea of guilty to the crime of Murder in the Second Degree and offers to enter a plea of guilty to the crime of Murder in the Second Degree, which offense is included in the crime charged in the Grand Jury indictment.

The Court further advised the defendant of his legal and constitutional rights and ascertains that such plea will be made freely, voluntarily and with full understanding of the nature of the crime and the penalty therefor.

Comes now the State of Indiana, by Allan A. Rasor, Prosecuting Attorney, and recommends that the defendant's motion be sustained, that the defendant be permitted to plead guilty to the offense of Murder in the Second Degree, and offers no objection to the granting of such motion.

The Court, having heard evidence on said motion, the defendant's motion requesting leave of Court to enter a plea of guilty to the included offense of Murder in the Second Degree is now sustained.

Comes now the defendant and enters a plea of guilty to the crime of murder in the Second Degree, which plea is now received and accepted by the Court without objection from the State of Indiana.

Comes again the State of Indiana by Allan A. Rasor, Prosecuting Attorney, and also comes the defendant in person and by his attorneys, Brooks C. Pinnick and Byron C. Kennedy.

This cause is now submitted to the Court for trial without the intervention of a Jury upon the defendant's plea of guilty to the crime of Murder in the Second Degree, and the Court now finds the defendant guilty of the crime

of Murder in the Second Degree and that his true age is 18 years.

Upon such finding of guilty, the Court now orders and directs the Probation Officer of this Court to make appropriate investigation and to prepare and file with the Court a report of such investigation in writing touching upon the facts and circumstances surrounding the offense charged in the indictment and all other matters relating to the defendant, which pre-commitment investigation report shall be prepared and filed with the Court on or before April 24, 1963, following which filing the defendant will he returned to this Court for pronouncement of final judgment in this cause.

And this cause is now continued pending the receipt of such pre-commitment investigation report, and the defendant is remanded to the custody of the Sheriff of Kosciusko County, Indiana."

Thereafter on April 23, 1963, the pre-sentence investigation report was filed and on April 24, 1963, appellant was sentenced to life imprisonment in the Indiana State Prison.

Thereafter on July 8, 1963, appellant filed his verified Petition For Writ of Error Coram Nobis herein. Thereafter on October 10, 1963, appellant filed his amended verified Petition For Writ of Error Coram Nobis herein, such amended petition covers sixteen pages of record and therefore cannot be set out in haec verba herein. The State of Indiana filed answer to appellant's amended petition in admission, denial and of no knowledge.

The cause came on for trial July 10, 1967. After hearing evidence and argument of counsel being waived the trial court, on July 17, 1967, denied appellant's Petition For Writ of Error Coram Nobis, and further overruled and denied each and every request contained in the prayer of said petition, costs of the action taxed to the defendant.

Thereafter, on July 21, 1967, appellant filed his motion for new trial, supported by memorandum. The grounds of this motion for new trial are:

"1. The finding of the Court is contrary to law.

2. The finding of the Court is not sustained by sufficient evidence."

The Motion for New Trial was overruled on August 5, 1967, on which date appellant prayed for an appeal.

Appellant's Assignment of Errors is as follows:

"1. The trial Court below erred in over-ruling and denying Appellant's Amended Verified Petition For Writ of Error Coram Nobis.

2. The trial Court below erred in overruling Appellant's Motion For New Trial."

The gist of appellant's contentions, here and at the trial level, is that his confession was illegally obtained and that his plea of guilty to the charge of Murder in the Second Degree was made only because he had made and signed what he now terms an illegal confession without having been advised of or given his constitutional rights. He further contends that he was arrested without warrant, was only eighteen years of age at that time, was inexperienced in the law, did not know and was not advised of his constitutional rights, was deprived of an opportunity to counsel with his parents, his girl friend or an attorney until after he had confessed, that by reason thereof his confession was coerced, was illegal and he was thereby deprived of due process.

The evidence in the record relative to the questioning of the appellant and the making and signing of the confession is conflicting. Appellant contends he was taken from his home without being allowed to tell his mother where he was, that he was held incommunicado in jail for a period of over two hours without an opportunity to get a drink of water and without being allowed to speak to members of his family or friends. A police officer who was present at the questioning testified there was no coercion of appellant, that appellant was advised he had a right to remain silent and that

appellant made no request to speak to any one or to make any calls. The officer also testified that appellant voluntarily confessed after only fifteen minutes of questioning. The testimony of the officer was corroborated by two other officers present during the questioning.

> This court has held that on appeal it will not weigh evidence, but will consider only that evidence most favorable to ■ the appellee. *Canan* v. *State* (1962), 242 Ind. 576, 179 N. E. 2d 746.

In the case at bar we point out also that the record discloses that on arraignment April 20, 1963, and again on April 24, 1963, at the time of imposing sentence herein; the trial court carefully and at length, in the presence of appellant's trial counsel, interrogated appellant on his motion to enter a plea of guilty to the charge of Murder in the Second Degree to be assured that the plea was entered into understandingly and voluntarily, without coercion, that appellant was apprised of his constitutional rights, had been advised of the penalty that could be imposed and such examination of appellant continued for page after page of the record. At no time during such examination by the trial court did appellant even suggest any of the matters he now alleges in this action.

> This court has previously held that the Writ of Error Coram Nobis was a post-conviction remedy which was civil in nature. *Souerdike* v. *State* (1952), 231 Ind. 204, ■ 108 N. E. 2d 136; *State* v. *Marshall* (1952), 230 Ind. 512, 104 N. E. 2d 926.

As such, the burden is on the petitioner to prove the allegations in his petition. *Gates* v. *State* (1962), 243 Ind. 325, 183 N. E. 2d 601; *Dobson* v. *State* (1961), 242 Ind. 267, 177 N. E. 2d 395.

In the case at bar for us to grant relief sought by appellant it would be necessary for us to accept appellant's un-

corroborated testimony as being of greater value and more worthy of belief than that of three police officers who were present during the interrogation and the obtaining and signing of the confession, in other words we would have to weigh the evidence and determine the credibility of the witnesses; we would also be required to violate our rule that we on appeal will consider only that evidence most favorable to the appellee; as well as the rule in civil actions that the burden is on the petitioner to prove the allegations of his petition; these things we can not do.

The judgment is affirmed.

Lewis, C. J., and DeBruler, Arterburn and Hunter, JJ., concur.

NOTE.—Reported in 242 N. E. 2d 841.