### GARRETT *v.* STATE OF INDIANA

[No. 27,265.   Filed October 23, 1939.]

*T. Ernest Maholm,* for appellant.

*Omer S. Jackson,* Attorney General, and *James K. Northam,* Deputy Attorney General, for the State.

SHAKE, J.—This is a coram nobis case. The second paragraph of the amended petition, upon which the proceeding was heard, alleged that on September 6,

1934, appellant entered a plea of guilty in the court below to an indictment for murder in the second degree and was sentenced to life imprisonment; that at the time of his plea appellant was ignorant of court procedure and without funds to secure the services of an attorney to advise him as to his rights; that prior to his arraignment police authorities had brought great pressure upon him to enter a plea of guilty to avoid his going to the electric chair on a charge of first degree murder; that said officers reminded appellant that colored people were not allowed to live in or about the city of LaGrange, where he was confined, all of which placed him in great fear for his life; that no opportunity was given him prior to arraignment to consult with the attorney appointed by the court to represent him in the cause; that said attorney was wholly without knowledge of the facts and evidence that might have been produced and persuaded appellant to enter a plea of guilty, appellant's will-power being at the time weakened and he being in great fear by reason of the aforementioned statements made to him by said police officers. Appellant concluded by saying that he was not guilty of the charges contained in the indictment and he asked that he be permitted to withdraw his plea of guilty.

The state answered the petition by general denial and there was a trial which resulted in a finding and judgment against appellant. It is assigned that the court erred in denying the petition for writ of error coram nobis and this calls for a consideration of the evidence.

It appears from the record that appellant is a Negro and that he was 31 years of age at the time he was sentenced. He and two other members of his race, one 21 years old and the other 23, were employed by a circus. The killing of the decedent named in the indict-

ment resulted from an attempt to rob him. Appellant is a native of Mississippi and a high school graduate. He spent two years in college and at the time of his arrest was working temporarily for the circus to obtain funds to continue his education. While his testimony at the coram nobis hearing may be said to support the allegations of his petition, it is uncorroborated and contradicted. The deputy sheriff that made the arrest stated that he was present when the appellant was questioned in the county jail and he emphatically denied that appellant was put in fear or otherwise abused or that there was any manifestation of the mob spirit in the community. A lieutenant of the State Police testified to the same effect. The attorney appointed to defend appellant told in detail of his relations with the appellant. It appears from the attorney's evidence that appellant was fully advised as to the effect of his plea and that the plea was voluntary.

Appellant's petition was addressed to the sound discretion of the trial court and the case comes to us with the presumption that the correct result was reached. The burden is upon the appellant to overthrow that presumption. We do not weigh conflicting evidence, nor will we disturb the discretionary act of a lower court unless a clear case of abuse is shown. *Quinn* v. *State* (1936), 209 Ind. 316, 198 N. E. 70. A careful consideration of the evidence, summarized above, discloses that it falls far short of making out the kind of case that would justify our intervention.

Judgment affirmed.