FLUTY *v.* STATE OF INDIANA

[No. 28,254. Filed February 27, 1947.]

*Thomas W. Lindsey,* of Evansville, for appellant.

*James A. Emmert,* Attorney General, *Frank E. Coughlin,* First Assistant Attorney General, and *George W. Hadley,* Deputy Attorney General, for the State.

GILKISON, C. J.—Appellant, with another, was charged and tried in the Vanderburgh Circuit Court, with the crime of robbery and of inflicting a physical injury with a "blunt instrument" while robbing one McDowell. He was tried by the court on September 14, 1945, found guilty of robbery as charged in the affidavit, and sentenced as provided by law, § 10-4101, Burns' 1942 Replacement, from which no appeal has been taken. After proper showing by the defendant, the court appointed him an attorney at public expense, who in the record is designated "public defender," to present

his defense and this attorney served him throughout the trial. On April 11,.1946, appellant by another attorney, filed a petition for writ of error *corăm nobis*.

The petition for writ of error *coram nobis* is "for the reason that petitioner had only a perfunctory defense made for him and not an adequate one at the former trial thereof." The negligence and carelessness of the attorney alleged in substance is:

(1) That he did not examine the affidavit to ascertain: if an answer in abatement should be filed, or
(2) If it would withstand a motion to quash.
(3) That he negligently waived an arraignment and entered a plea of not guilty.
(4) That he did not inform the defendant of the nature of the affidavit and the punishment provided by law.
(5) That the affidavit did not describe the "blunt instrument" used; nor that its "name and character was unknown to affiant."
(6) That he waived defendant's right to be tried by a jury without consulting defendant.
(7) That petitioner could have proven a good reputation for honesty, but his attorney negligently failed to present such proof for him.
(8) That his attorney visited and consulted with him only once before his trial.
(9) That petitioner was not asked if he had anything to say why sentence should not be pronounced.
(10) That his attorney failed to file a motion for new trial for petitioner.

The petition was put at issue by an answer agreeable with the rules of this court.

Rule 2-40 of this court provides for appeals in *coram nobis* proceedings, and among other things provides:

> "The sufficiency of the pleadings and of the evidence to entitle the petitioner to the writ will be considered upon an assignment of error that the order is contrary to law."

No motion for new trial is contemplated in such proceeding. We shall, therefore, ignore the questions attempted to be presented by such motion. However, all questions are presented by the assignment "that the order of the Vanderburgh Circuit Court denying the petition of the defendant, Steve Fluty, for writ of error *coram nobis* is contrary to law."

It may be said that the minimum duties of an attorney are set forth in § 4-3608, Burns' 1946 Replacement. Among such duties therein enumerated we find:

> "Eighth. Never to reject, from any consideration personal to himself, the cause of the defenseless or oppressed."
>
> "Fifth. To maintain inviolate the confidence, and, at every peril to himself, to preserve the secrets of his client."
>
> (Acts 1881—Spec. Sess. ch. 38, § 836, p. 240; 1937 ch. 88. § 1, p. 452.)

We think the rule is quite general that attorneys are never competent to testify as to confidential communications, without the consent of the party making them.

In Works Indiana Practice, Pleading and Forms, Vol. 2, § 1216, p. 268, the author says:

> "An attorney is not incompetent to testify. He may be called to prove any fact not communicated to him as an attorney, or advice given by him as such. . . .
>
> "Statements made by a client to his legal adviser are privileged, though no action is at the time pending or contemplated concerning the mat-

ter of which such statement is made, if it appears that the relation of attorney and client exists, and that the statement was made to him in his professional character, with a view to legal advice, which, as an attorney, it was his duty to give.

"The client, as well as the attorney, is protected, and neither can be required to disclose what occurred at a consultation between them."

See: *Borum* v. *Fouts* (1860), 15 Ind. 50, 53, 54; *Bigler* v. *Reyher* (1873), 43 Ind. 112; *Oliver* v. *Pate* (1873), 43 Ind. 132, 140, 141; *Scranton* v. *Stewart et al.* (1875), 52 Ind. 68, 79 *et seq.; George* v. *Hurst* (1903), 31 Ind. App. 660, 663, 664, 68 N. E. 1031.

A question presented by the record before us is: Did the appellant give his consent by word or act for his attorney to divulge the confidential communications he had made to said attorney while defending him in the original robbery action?

In *Oliver* v. *Pate, supra,* at page 143, this court, speaking by Osborne, J., said:

"If the party voluntarily testifies as a witness to confidential communications made to his attorney, he thereby destroys the privileged character of the communication and consents that the attorney may be a witness and testify in relation to the same communication, and state all that was said on that subject. We do not decide that he gives such consent by testifying in the action generally. It is because he testifies and voluntarily discloses the confidential communication, that he waives the privilege and consents that the attorney may be a witness against him, and not because he testifies as a witness in the cause."

Appellant testified that he told his attorney that he "wanted a jury trial" and that "his attorney replied that

he could talk to one man better than he could talk to twelve." He further testified that just after the trial, in the ante room he told his attorney to get him a new trial, and the attorney told him he would do so. The next day he again told his attorney to get him a new trial and he promised him he would; that he would do all.that he could. He further testified that he asked his attorney to get the two women who operated the "41 Inn", (presumably as witnesses for him), and the attorney told him they were not needed.

Thereafter, over the objections of appellant, the attorney testified among other things as follows: "I asked them, (Fluty and his co-defendant), if they wanted a jury trial or a court trial." He said he explained the difference to them and that if they had a jury trial it would probably be in September or October on account of the crowded condition of the court's docket. "They both decided they wanted a court trial, and they wanted an immediate trial or as soon as I could get the court to set the case when the docket permitted." He further testified that none of petitioner's family ever requested him to have a jury to try petitioner; that petitioner never requested him to have any additional witnesses subpoenaed. After the trial, both defendants asked if they could get a new trial, and by jury, and the attorney told them he would have to study the evidence before he could say. Petitioner's mother later also asked if a new trial could be procured for him, and his wife later made a similar inquiry. The attorney informed each of them that he "saw no opportunity of the court granting a motion for new trial."

A majority of the court believe that the filing of this *coram nobis* action in the trial court was a direct at-

tack against the professional integrity of the ▮ attorney, and gave him a right to defend his conduct as appellant's attorney. There can be no doubt, however, that when appellant took the witness stand and himself testified as to his recollections concerning the confidential communications between himself and his attorney, he thereby destroyed the confidential nature of the communications and by that act consented that the attorney might be a witness concerning the confidential matters that he, himself, had testified about. *Oliver* v. *Pate, supra.* We find no error in the ruling of the court in this matter.

The writ of error *coram nobis* is in the nature of a motion for new trial and if granted, has the same effect as granting a motion for new trial. *Carman* v. ▮ *State* (1934), 208 Ind. 297, 308, 196 N. E. 78 and cases there cited. It is not intended to authorize any court to review and revise its opinions; but only to enable it to recall some adjudication made while some fact existed which, if before the court, would have prevented the rendition of the judgment, and which, without any fault or negligence of the party, was not presented to the court. *Sanders* v. *State* (1882), 85 Ind. 318, 326, quoted with approval in *Carman* v. *State, supra,* at page 309.

In this action appellant seeks by a *coram nobis* proceeding, to test whether his attorney fairly represented him in the trial court. He relies heavily upon ▮ the decision in *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. (2d) 848. However, that case came to this court, by assignment of error on appeal. On appeal, every action of the trial court, properly saved and properly presented, may be reviewed by this court.

He relies also on *Wilson* v. *State* (1861), 16 Ind. 392, which likewise came up by assignment of error on appeal. But the writ of error *coram nobis* cannot be used as a substitute for an appeal. *Quinn* v. *State* (1935), 209 Ind. 316, 319, 198 N. E. 70; *Sanders* v. *State, supra,* page 326; *Ernst* v. *State* (1923), 179 Wis. 646, 192 N. W. 65, 30 A. L. R. 681, 684. Many matters, therefore, properly presented and determined in the Wilson cases, *supra,* are not before us in this case.

Whether a plea in abatement, or a motion to quash should have been filed, were questions for appellant's attorney to determine, we are unable to say that he was negligent in not determining either question in the affirmative.

The attorney could not have been negligent in waiv- a formal arraignment and entering a plea of not guilty. Such plea properly protected his client's then existing rights.

Since the court found the defendant guilty of robbery only, all reference to the weapon in the affidavit became and is merely surplusage.

Whether it was best to submit defendant's case for trial to a jury or to the court was a matter for the defendant and his attorney to determine, and they had to determine this before the trial began. The attorney says they did discuss and determine this matter, deciding to try by the judge. This was sufficient evidence for the court's decision, that the defendant's constitutional right to a jury trial was not denied him. It would be a mockery of justice to say that having voluntarily tried his case before the judge and losing, he may then try it again by jury in the hope of doing better.

Proof of good moral character was proper for the defendant to present in his original case. Whether or not it should be presented was a matter for him and his attorney to determine at and before his trial. That such evidence was not presented does not necessarily raise an inference that the attorney did not properly present his client's evidence, or that he made only a perfunctory defense for him. Sometimes there are strong reasons why the question of character should not be thrown open by a defendant's evidence.

Certainly no one can say how often an attorney should visit his client or how many times they should consult prior to the trial date. These are matters wholly for the attorney and client to determine. The evidence is not sufficient to establish negligence of the attorney in this matter.

Whether a motion for new trial should be filed in a criminal case is a question appealing to the judgment of a defendant's attorney. Many times it is not done. Usually it is done only in preparation for appeal. Under the circumstances existing in this case, we are unable to say that the failure to file such a motion was any failure of duty by appellant's attorney.

The proof shows that the attorney who was appointed, and represented the defendant in the original trial, holds A.B. and L.L.B. degrees from reputable schools, was admitted to the practice of law in 1933, and is admitted to practice before this court, the Federal District Court, Circuit Court of Appeals and the United States Supreme Court, and has been in the active practice of law since 1933. We find no remissness on his part in his conduct of appellant's defense in the original case.

Finding no error in the record the judgment is affirmed.

Emmert, J.—Not participating.

NOTE.—Reported in 71 N. E. (2d) 565.