## THOMPSON *v.* STATE

[No. 28,264. Filed May 12, 1947.]

*Lutz, Johnson & Lutz,* and *Ellis H. Bell,* all of Indianapolis, for appellant.

*James A. Emmert,* Attorney General, *Frank E. Coughlin,* First Assistant Attorney General, *George W. Hadley,* Deputy Attorney General, for the State.

O'MALLEY, J.—The appellant filed a petition for a writ of error *coram nobis* in the Marshall Circuit Court.

The contention on appeal is that this cause should be reversed for each of two reasons, to-wit:

1. That the court erred in denying the writ.

2. That the court erred in refusing petitioner a change of venue from the special judge.

Under specification number one it is here asserted that the petitioner was wrongfully denied a trial by jury in the original trial, and that he was not present during the whole of the trial.

The entry made by the trial judge was that "Now by agreement of counsel the jury is waived and this cause is now submitted to the Court for trial without the intervention of a Jury." The court did not make an

entry showing that he did or did not question the appellant in regard to such waiver.

The appellant testified in this proceeding that after the jury was waived in the original case he proceeded with the trial without a jury and without objection. He also testified that in that trial he was represented by counsel chosen by himself; that he did not authorize his attorneys to waive a trial by jury; and that he did not thoroughly understand his rights in regard thereto. The appellant did not testify that his attorneys failed to explain to him the matter of the waiver of a trial by jury.

It has been held that a person accused of crime may waive the right to a trial in the county in which the offense is claimed to have been committed, and ▆ it has also been held that he may waive the right to trial by jury. *Brown* v. *State* (1941), 219 Ind. 251, 37 N. E. (2d) 73.

It has also been declared by this court that among other things, the accused in a criminal proceeding shall have the right to trial by an impartial jury under Art. 1, § 13 of the Constitution of the State of Indiana. *Irwin* v. *State* (1942), 220 Ind. 228, 238, 41 N. E. (2d) 809, 813. However, in analyzing the above case we must take into consideration the following statement contained therein, to-wit:

> "These constitutional rights may be waived, but the waiver must be made freely and understandingly, and unless they are so waived there is error in the proceeding. Where a defendant is represented by competent counsel, a failure to assert or claim constitutional rights is treated as a waiver, . . . . . ."

The Irwin case, *supra,* is of considerable value on the question of going behind the record and hearing

evidence on a matter upon which an entry has been made or omitted. In that case the defendant was permitted to go behind the entry made by the court, which was to the effect that he had appeared in person and by counsel, to determine whether or not he had in fact been so represented by counsel and had freely and understandingly waived his constitutional rights.

It is contended that the State cannot go behind the record even to support it. On a direct appeal there might be some substance in such contention, although that question is not before us and is not here decided. This action is based on a claim of the denial of lawful rights due this appellant, and the burden of proving his contentions was on the petitioner. The State should not be deprived of the right to show the actual happenings at the original trial in order to meet the claim thus asserted.

In the Supreme Court of the United States, it has been held that in a *habeas corpus* proceeding "the petitioned court has 'power to inquire with regard to the jurisdiction of the inferior court, either in respect to the subject matter or to the person, even if such inquiry (involves) an examination of facts outside of, but not inconsistent with, the record.'" *Johnson* v. *Zerbst* (1937), 304 U. S. 458, 466, 82 L. Ed. 1461, 1467.

The question here involved is at least similar to the one which is discussed in the above opinion by the highest court of our land. In the instant action, the court heard evidence to determine the question of the waiver of a jury trial. Certainly the appellant could not successfully question the entry of the court if his attorneys were authorized to take such action. While the appellant testified that he did not authorize the waiving of the jury, there was other evidence from which it could be inferred that he had

authorized the action of his attorneys. There was evidence that the presiding judge, in open court, asked the appellant if he desired to waive a trial by jury and that his answer was in the affirmative. This presented a question of fact for the trial court to determine, and since we cannot say that the evidence was not sufficient to support the decision of the court, we must affirm the decision of the lower court unless error is otherwise shown. *State* v. *Richardson* (1945), 223 Ind. 557, 63 N. E. (2d) 195.

There was evidence from which the court could infer that the appellant was present during the progress of the original trial, and on appeal this question was given but slight attention, in fact, it is not included in the "errors relied on" although such claim is asserted in a proposition. The presence of the appellant during the trial was likewise a question of fact upon which there is some evidence to support the decision of the court and no available error can be based thereon.

Complaint is made under the second assignment of error that when the trial judge assumed jurisdiction in this proceeding, a petition for change of venue was presented and denied. The record discloses that the trial judge died subsequent to the refusal of the requested change of venue and before the commencement of the trial on the petition for a writ of error *coram nobis*.

We cannot conceive how the original trial judge could have erred in refusing the requested change of venue. Under the holdings of this court his action was correct, but even if it were incorrect, his removal by death before hearing was had certainly obviated any ground or claim that such refusal constituted error. Furthermore, no change was requested from the judge who, after the death of the trial judge, assumed

jurisdiction and presided at the trial. This action demonstrated that there was no dissatisfaction with the judge who presided in the instant proceeding. From such judge, a change would have been allowable under the holding in *State ex rel. Emmert* v. *Gentry* (1945), 223 Ind. 535, 62 N. E. (2d) 860.

No reversible error having been shown, the judgment of the lower court is affirmed.

Emmert, J., not participating.

NOTE.—Reported in 72 N. E. (2d) 744.