SELLS *v.* STATE OF INDIANA

[No. 28,907. Filed August 8, 1952. Rehearing denied October 1, 1952.]

138

*T. Ernest Maholm,* of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General; *John Ready C'Connor* and *William T. McClain,* Deputy Attorneys General, for appellee.

JASPER, C. J.—This is an appeal from an order and judgment denying appellant's petition for a writ of error coram nobis.

Appellant was arrested on the evening of February 23, 1949, and on February 28, 1949, was indicted for first degree murder. On March 1, 1949, appellant appeared in person and by attorney before the trial court, was arraigned, and, after being advised of his rights, in compliance with Rule 1-11 of this court, entered a plea of guilty. Judgment and sentence to life imprisonment followed. On December 3, 1951, appellant filed his verified petition for a writ of error coram nobis. On January 9, 1952, appellee filed its answer under Rule 1-3 of this court. On January 31, 1952, the attorney for appellant appeared before the trial court. He had not requested that appellant be present in person, and, on being advised by the trial court that a continuance would be granted if the attorney for appellant wished appellant to be present, declined the offer of the trial court, and stated that he was ready to proceed. A hearing was held, evidence was introduced, and on March 12, 1952, the trial court denied appellant's petition. On March 17, 1952, judgment was entered denying the petition for a writ of error coram nobis.

Appellant's first assignment of error is the only one properly before this court under our Rule 2-40.

Appellant contends in his petition for a writ of error coram nobis that his constitutional rights under Article 1, Section 13, of the State of Indiana, and under the Fourteenth Amendment to the Constitution of the United States, were violated in that counsel was denied him at each stage of the proceedings, that he was held ten days before being taken before a magistrate, that he was taken from the Henry County Jail to a State Police Barracks without order or authority of a court, was taken before the Prosecutor of Henry County without counsel, and refused counsel, and, after having been without sleep for more than thirty-six hours, was threatened and coerced into making a confession, and was threatened with a "hot seat" if he did not plead guilty. The petition further alleged, in substance, that the attorney appointed by the court for appellant did not have time to prepare, consult, and properly advise appellant. Appellant, in support of his petition, introduced into evidence his verified petition for a writ of error coram nobis, along with the bench warrant, and rested his case.

Appellee introduced evidence controverting each allegation of appellant's petition.

In appellant's Exhibit 1, introduced before the trial court, were the proceedings of the court as required by this court's Rule No. 1-11, which are as follows:

"The defendant Ernest Sells, being arraigned, the following proceedings were had:

"QUESTIONED BY THE COURT:

"Q. Your name is Ernest Sells?

"A. Yes.

"Q. As I have told you before, there has been an indictment filed against you charging you with mur-

der in the first degree, and I have told you I would provide an attorney for you and Mr. Benson has now consulted with you, is that true?

"A. Yes sir.

"Q. I will now read the indictment to you. . . .

" (The indictment was read by the Court to the defendant.)

"Q. I have no doubt Mr. Benson has told you what your rights are, but I am going to tell you again. You have the right to plead not guilty to this charge, and have a jury determine your guilt or innocence and what your sentence shall be. Under a charge of this kind you can be found guilty of murder in the first degree, murder in the second degree or manslaughter. The penalty for murder in the first degree is death or imprisonment for life. The penalty for Murder in the second degree is life imprisonment. The penalty for Manslaughter is imprisonment in the Indiana State Prison for two to twenty-one years. If you do plead guilty, I will tell you ahead of time that to the charge of murder in the first degree I will sentence you to life imprisonment. Knowing that you do not need to plead guilty, do you want to plead guilty as charged?

"A. I might as well.

"Q. I want you to be certain.

"A. Yes, that is what I am going to do.

"QUESTIONED BY MR. BENSON:

"Q. Handing you exhibit marked State's Exhibit '1' I'll ask you to look at that and directing your attention to the name on the last page, Ernest R. Sells, is that your signature?

"A. Yes.

"Q. And you signed this confession after it had been read to you and you understood the contents of it?

"A. Yes.

"Q. And what is stated in this confession is true?

"A. Yes.

"THE COURT:

"Q. What is your age?

"A. Thirty-nine.

"THE COURT: On your plea of guilty to this charge, I will sentence you to the Indiana State Prison for life.

"(signed)   John H. Morris,
"JUDGE HENRY CIRCUIT COURT

"STATE OF INDIANA, HENRY COUNTY, SS:

"I, Robert A. Harvey, Clerk of Henry Circuit Court within and for said County and State, do hereby certify that the above and foregoing is a true and correct, full and complete copy of the Indictment, Bench Warrant, Transcript of Evidence and Judgment in the cause entitled State of Indiana vs. Ernest Sells, Criminal Cause No. 10307, as the same appears by the original and the record thereof now on file in my office and in my custody.

"WITNESS my hand and the Seal of said Court at New Castle, this 9th day of November, A.D. 1951.

"Robert A. Harvey,
Clerk of the Henry Circuit Court."

The trial court, at the time of the arraignment and plea of guilty by appellant, did everything within its power to protect the rights of appellant. The trial court appointed an attorney for appellant, and explained to him in full his rights. The attorney consulted with appellant prior to his being arraigned and pleading to the charge. The trial court fully protected the rights of appellant.

As we have said so many times in the past, this court will not weigh conflicting evidence or determine the credibility of witnesses. That is for the trial court. *Abraham* v. *State* (1950), 228 Ind. 179, 91 N. E. 2d 358; *Garrett* v. *State* (1939), 216

Ind. 52, 22 N. E. 2d 981; *Sessler* v. *State* (1944), 222 Ind. 608, 609, 56 N. E. 2d 851. The contentions of appellant being controverted were a question of fact for the trial court and we will not disturb the decision if there is evidence to sustain it. After examining the evidence, we find that there was substantial evidence of probative value to support the order and judgment of the trial court. The judgment attacked by the petition for the writ of eror coram nobis and the court's intrinsic record upon which it is based are valid on their face, and the presumption is that the judgment was procured by due course of law. The burden was upon appellant to overcome this presumption by a fair preponderance of the evidence in order to maintain his petition. Appellant failed to sustain his burden of proof. *State* v. *Lindsey, State* v. *Carroll* (1952), 231 Ind. 126, 106 N. E. 2d 230. The rights of appellant were not violated under either the Constitution of the State of Indiana or the Constitution of the United States.

After considering all of the contentions of appellant, we find no error.

Judgment affirmed.

NOTE.—Reported in 107 N. E. 2d 264.