## Moore, Sr. *v.* State of Indiana

[No. 28,884. Filed March 19, 1953.]

*T. Ernest Maholm,* of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General, *John Ready O'Connor* and *William T. McClain,* Deputy Attorneys General, for appellee.

EMMERT, C. J.—This is an appeal from a judgment and order of the trial court denying relief on appellant's petition for a writ of error coram nobis. The assignment of errors here complies with Rule 2-40 as adopted May 29, 1945.

The "Argument" section of appellant's brief does not comply with Rule 2-17(e) in that no cases are cited to sustain appellant's contention that he was deprived of any legal or constitutional right before or at the time he entered the plea of guilty to a charge of grand larceny.[1] However, we have examined the entire record, and find nothing in it that would

---

[1] "After each assignment of error relied upon—except the ruling on a motion for a new trial, and after each cause for a new trial relied upon, there shall be concisely stated the basis of the objection to the ruling complained of, exhibiting clearly the points of fact and of law being presented, and how they are applicable, citing the authorities and statutes relied upon, and setting out in substance the relevant parts of such statutes as are deemed to have an important bearing." Rule 2-17(e).

warrant us in deciding that the judgment should be vacated and annulled and the plea of guilty set aside.

In the record we find the statement by the trial judge stating the reasons for denying relief to appellant. This is not properly a part of the record, and we do not consider it in affirming the action of the trial court. The gravamen of his petition is that he was denied adequate representation by competent counsel before he entered his plea of guilty. The State put the petition at issue by filing an answer which denied appellant's averments as to the alleged denial of his legal and constitutional rights.

Appellant was returned from the state prison for the hearing on the petition, and he testified in his own behalf. His counsel at the time he entered the plea also testified, and the State by its evidence controverted all of the petitioner's evidence touching the material issues raised by his petition.

After a petition for a writ of error *coram nobis* has been denied by the trial court, the presumption on appeal is that the action by the trial court is correct. *Garrett* v. *State* (1939), 216 Ind. 52, 22 N. E. 2d 981. The presumption is that the judgment of conviction, which was valid on its face, was procured by due course of law. *Sells* v. *State* (1952), 231 Ind. 137, 107 N. E. 2d 264; *State* v. *Lindsey* (1952), 231 Ind. 126, 106 N. E. 2d 230. The burden is on the appellant to prove by fair preponderance of the evidence that he was denied his legal or constitutional rights. *Thompson* v. *State* (1947), 225 Ind. 78, 72 N. E. 2d 744; *Sells* v. *State* (1952), 231 Ind. 137, 107 N. E. 2d 264, *supra*. When the action of the trial court is brought before us for review, we do not weigh conflicting evidence or determine the credibility of any of the witnesses. *Quinn* v. *State* (1935), 209

Ind. 316, 198 N. E. 70; *Thompson* v. *State* (1947), 225 Ind. 78, 72 N. E. 2d 744, *supra; State* v. *Lindsey* (1952), 231 Ind. 126, 106 N. E. 2d 230, *supra; Sells* v. *State* (1952), 231 Ind. 137, 107 N. E. 2d 264, *supra.*

The evidence discloses appellant failed to sustain his burden of proof. On Saturday, May 20, 1950, appellant was arrested in Illinois for the theft of a hog in Newton County, Indiana. He signed a waiver of extradition proceedings, and was placed in the Newton County jail Saturday night. That night his wife came to see him in the jail, and he instructed her to get his lawyer, although she was not permitted to visit with him at that time. On Monday, May 22nd, Ralph Bower entered his appearance as attorney of record for appellant. Appellant's counsel had been admitted to the bar of this state in 1934, had served for over a year as Judge of the Newton Circuit Court, and had been employed in several hundred criminal cases. The petition for the writ was an attack upon the professional integrity and competency of counsel, and under such circumstances the competency of the attorney as a witness is waived by the client. *Fluty* v. *State* (1947), 224 Ind. 652, 71 N. E. 2d 565. Mr. Bower testified that appellant told him he had signed a confession to the crime. He told appellant he had the right to plead not guilty and have a jury trial, and that he did not have to give evidence against himself. Appellant did not state the confession was untrue, and the trial court was warranted in finding no threats, coercion or inducements were used to obtain it. Mr. Bower had a conference of about thirty minutes with appellant in jail on Tuesday, after he had talked about the case with appellant's wife, and the matter of obtaining the bond was then considered. They discussed who were listed as witnesses. Appellant's counsel did

not advise him to plead guilty, but he understood from the conference that appellant would enter a plea of guilty. The matter of his defense and the evidence was discussed. Counsel had another conference with appellant Wednesday morning prior to arraignment.

At the time of arraignment a record was taken of the proceedings in conformity with Rule 1-11, and the court advised the appellant of the penalty for grand larceny, after which he waived arraignment and entered a plea of guilty to the affidavit. Appellant advised the court he was 48 years of age, and the court sentenced him to the Indiana State Prison for a term not less than one nor more than ten years and disfranchised him for a period of five years. This record was not certified by the judge as required by Rule 1-11, but since appellant embodies the transcript of the proceedings in his petition, and no question is presented concerning its verity, we assume it correctly states the proceedings had at that time.

There was no denial of due process by the State when the prosecuting attorney obtained a written confession from the appellant. The prosecuting attorney took a wire recording machine to the jail and the questions and answers were stated for recording. Appellant stated no one had promised him anything or threatened him, that he had an attorney, Mr. Ralph Bower, who had discussed the charge with him and advised him of his constitutional rights, that he was going to make a voluntary statement, that he was 48 years of age and that he stole a hog from Sam Dyer. From this recording a written confession was prepared and appellant signed this in the presence of the prosecutor and three other persons.

There is nothing in the record here to establish that appellant was deprived of any constitutional rights

under the Indiana Constitution, nor was he deprived of due process of law under the Fourteenth Amendment.

The order and judgment of the trial court was not contrary to law. The order and judgment is affirmed.

NOTE.—Reported in 111 N. E. 2d 47.