KENNEDY v. STATE OF INDIANA.

[No. 28,910. Filed December 15, 1953.]

*Thurl C. Rhodes* and *James L. Puckett,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl Humble,* Deputy Attorney General, for appellee.

EMMERT, J.—This is an appeal from an order denying appellant's petition for writ of error *coram nobis.*[1]

Appellant was indicted for murder in the first degree, and on October 29, 1951, the trial court permitted him to enter a plea of guilty to the included charge of voluntary manslaughter, upon which plea he was sentenced to the Indiana Reformatory for a term of not less than two nor more than twenty-one years. At the time he en-

---

1. The order was entered April 5, 1952, before the effective date (December 20, 1952) of amended Rule 2-40, which now requires a finding and judgment.

tered his plea he was represented by two lawyers who were acting as Public Defenders. Section 4-2316, Burns' 1946 Replacement. (Supp.).

On December 11, 1950, an attorney of appellant's choice entered his appearance for him, and appellant was then arraigned and pleaded not guilty. On January 29, 1951, this lawyer withdrew his appearance, and another lawyer entered his appearance for appellant, and the latter represented him at the time the hearing was had to be let to bail, which resulted in bail being set in the sum of $5,000. Appellant filed recognizance bond, which does not appear in the record here, but from the entry showing the sheriff filed recognizance bond on February 26, 1951, it is apparent that appellant was released from custody not later than said date.

On July 16, 1951, his second lawyer withdrew his appearance, and from the bill of exceptions in the record it appears that another lawyer, who had been a Prosecuting Attorney of Marion County, was thereafter representing appellant. On October 20, 1951, a Public Defender of Marion County filed his appearance for appellant, and at the time of pleading guilty another Public Defender also appeared for appellant.

Appellant's petition for the writ in substance charges he did not enter the plea freely and understandingly, and that he was denied representation by counsel in violation of the Fourteenth Amendment of the Federal Constitution, and §13 of Article 1 of the Constitution of Indiana.

The petition here was an attack upon the professional integrity and competency of his counsel, "and under such circumstances the competency of the attorney as a witness is waived by the client. *Fluty* v. *State* (1947), 224 Ind. 652, 71 N. E. 2d 565."

*Moore* v. *State* (1953), 231 Ind. 692, 111 N. E. 2d 47, 49. Both attorneys for appellant at the time the plea was entered properly testified as to all statements·made by appellant to them.

"After a petition for a writ of error *coram nobis* has been denied by a trial court, the presumption on appeal is that the action by the trial court is correct. *Garrett* v. *State* (1939), 216 Ind. 52, 22 N. E. 2d 981. The presumption is that the judgment of conviction, which was valid on its face, was procured by due course of law. *Sells* v. *State* (1952), 231 Ind. 137, 107 N. E. 2d 264; *State* v. *Lindsey* (1952), 231 Ind. 126, 106 N. E. 2d 230. The burden is on the appellant to prove by fair preponderance of the evidence that he was denied his legal or constitutional rights. *Thompson* v. *State* (1947), 225 Ind. 78, 72 N. E. 2d 744; *Sells* v. *State* (1952), 231 Ind. 137, 107 N. E. 2d 264, *supra.* When the action of the trial court is brought before us for review, we do not weigh conflicting evidence or determine the credibility of any of the witnesses. *Quinn* v. *State* (1935), 209 Ind. 316, 198 N. E. 70; *Thompson* v. *State* (1947), 225 Ind. 78, 72 N. E. 2d 744, *supra; State* v. *Lindsey* (1952), 231 Ind. 126, 106 N. E. 2d 230, *supra; Sells* v. *State* (1952), 231 Ind. 137, 107 N. E. 2d 264, *supra.*" *Moore* v. *State* (1953), 231 Ind. 692, 111 N. E. 2d 47, 48, 49, *supra.*

The appellant was returned from the Indiana Reformatory for the hearing on his petition for the writ, but he did not take the witness stand to testify in his own behalf. His petition for the writ was introduced in evidence. All of his allegations of fact in his petition were contradicted by evidence introduced in behalf of the State. Appellant had had several conferences with his counsel, and he was fully and completely advised as to his legal and consti-

tutional rights before he entered a plea. His counsel explained to him the law of self-defense and reasonable doubt, and correctly advised him that it might be difficult to successfully present an issue of self-defense in view of appellant's statement that he straddled or sat on the decedent, and stabbed him to death in a drunken fight in an alley behind a tavern. There was adequate time to prepare for trial, and a jury had been called. He was advised he had the right to have witnesses in his behalf and appellant had ample time to contact any witnesses during the time he was released from custody on bond. Appellant's counsel advised him of the elements of the charge, and the penalty for voluntary manslaughter. Appellant had conferred with his counsel at the latter's home twice before the time for trial. The record discloses that the eminent trial judge, who accepted the plea of guilty and denied the petition for the writ, afforded appellant every constitutional right, and properly denied the petition.

Order affirmed.

Draper, C. J., concurs with opinion.

## CONCURRING OPINION

DRAPER, C. J.—I am in full agreement with the opinion of the majority as written by Emmert, J. However, I should not like to be understood as approving, in all respects, the manner in which the opinion indicates the hearing on writ of error *coram nobis* was conducted.

Whether a petitioner shall be returned from his place of confinement for the purpose of the hearing is a matter within the sound discretion of the trial court, since, in a proper case, the hearing may be on affidavits. *State ex rel. Vonderschmidt* v. *Gerdink* (1946), 224 Ind. 42, 64 N. E. 2d 579.

However, unless by agreement or for good cause shown the matter is submitted on affidavits despite the presence of the petitioner, I feel that when the petitioner is returned for the hearing, his petition, as verified by himself, should not be received in evidence. In such a case I think his petition should be considered only as tendering issues of fact and should not be considered as proof of the facts alleged. It is merely a self-serving statement which should not be admissible in favor of the petitioner.

With the exceptions above noted, I think that when the petitioner is returned at public expense and is given the opportunity to testify in support of his petition, the state should only be required to meet the facts sought to be established by the testimony of the petitioner and whatever other evidence may be offered in support of his petition, and the state should not be required to meet a multitude of other facts which are alleged in the petition but in support of which no evidence whatever has been adduced.

NOTE.—Reported in 116 N. E. 2d 98.