GRECU *v.* STATE OF INDIANA.

[No. 29,265. Filed February 6, 1956. Rehearing Denied March 13, 1956.]

*Daily & Daily, Edward M. Slocum,* and *Inezellen Bales,* all of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

BOBBITT, C. J.—This appeal is from a judgment denying appellant's petition for writ of error *coram nobis.*

Appellant was convicted in the Criminal Court of Lake County for procuring the miscarriage of a pregnant woman. From a judgment overruling his motion for a new trial, an appeal was prosecuted to this court, and the judgment of the trial court affirmed. *Grecu* v. *State* (1954), 233 Ind. 464, 120 N. E. 2d 179.

The sole error assigned in this appeal is that the finding and judgment denying the petition for the writ is contrary to law.

The rule by which we must be governed in this appeal is clearly stated in *Moore, Sr.* v. *State* (1953), 231 Ind. 690, 692, 111 N. E. 2d 47, 48, 49, as follows:

"After a petition for a writ of error *coram nobis* has been denied by the trial court, the presumption on appeal is that the action by the trial court is correct. *Garrett* v. *State* (1939), 216 Ind. 52, 22 N. E. 2d 981. The presumption is that the judgment of conviction, which was valid on its face, was procured by due course of law. *Sells* v. *State* (1952), 231 Ind. 137, 107 N. E. 2d 264; *State* v *Lindsey* (1952), 231 Ind. 126, 106 N. E. 2d 230. The burden is on the appellant to prove by fair preponderance of the evidence that he was denied his legal or constitutional rights. *Thompson* v. *State* (1947), 225 Ind. 78, 72 N. E. 2d 744; *Sells* v. *State* (1952), 231 Ind. 137, 107 N. E. 2d 264, *supra.* When the action of the trial court is brought before us for review, we do not weigh conflicting evidence or determine the credibility of any of the witnesses."

Appellant asserts that his constitutional rights were violated when his attorneys and the court permitted him to withdraw his plea of not guilty and enter a plea of *nolo contendere.* This question was settled adversely to appellant in *Grecu* v. *State,* *supra,* where it clearly appears from the record that the trial court had considered such plea as one of not guilty. Appellant cannot now resubmit this question because it was known to him at the time he filed his motion for a new trial in his first appeal and a proper remedy was afforded him by that appeal. Neither may he now employ the writ of error *coram nobis* as a substitute for

or as a second appeal. *Dowling et al.* v. *State* (1954), 233 Ind. 426, 429, 118 N. E. 2d 801; *Yessen* v. *State* (1955), 234 Ind. 311, 126 N. E. 2d 760, 762.

Appellant further asserts that his trial was invalid because he was not adequately represented by competent counsel.

It will be presumed that counsel discharged their full duty, and this presumption will prevail until overcome by strong and convincing proof. *Dowling et al.* v. *State, supra* (1954), 233 Ind. 426, 431, 118 N. E. 2d 801.

Appellant was represented by three attorneys of his own selection. All of these men have had long and active trial experience and are among the leading trial attorneys at the Lake County Bar. The evidence on the alleged acts of omission and incompetency is in violent conflict. The rule that this court will not weigh evidence when it is in conflict applies to appeals from the refusal of the trial court to grant a writ of error *coram nobis. Dillon* v. *State* (1952), 231 Ind. 396, 402, 108 N. E. 2d 881; *Kennedy* v. *State* (1953), 232 Ind. 695, 698, 116 N. E. 2d 98.

For the above reasons the judgment of the trial court must be affirmed.

Judgment affirmed.

Landis, Arterburn, Achor and Emmert, JJ., concur.

NOTE.—Reported in 131 N. E. 2d 646.