### Dobson v. State of Indiana.

[No. 30,150. Filed October 17, 1961. Rehearing denied November 21, 1961.]

*Richard Dean Dobson, pro se.*

*Edwin K. Steers,* Attorney General, for appellee.

BOBBITT, J.—In July of 1958 appellant, Dobson, was tried by jury and found guilty of receiving stolen goods. On July 3, 1958, judgment was entered upon such verdict assessing a fine in the sum of $500,

and sentencing appellant to the Indiana State Prison for a period of not less than one or more than ten years.

On October 9, 1958, an appeal from such judgment was filed in this court. The judgment of the trial court was affirmed on May 21, 1959, and a petition for rehearing denied on September 17, 1959.

On April 6, 1961, appellant filed in the Saint Joseph Superior Court, Number Two, his petition for writ of error coram nobis, and from a judgment denying such writ this appeal is prosecuted.

All questions which appellant attempts to raise are covered by his assignment of error No. 1, which is as follows:

"That the finding and judgment of the St. Joseph Superior Court #2, denying Appellant's Verified Petition for a Writ of Error Coram Nobis, is contrary to law."

In considering an appeal from a judgment denying a petition for a writ of error coram nobis, we are governed by the following well-settled rules:

1. When a petition for a writ of error coram nobis has been denied by the trial court, the presumption on appeal is that such court acted properly, and that the judgment of conviction, which was valid on its face, was procured by due process of law. *Grecu* v. *State* (1956), 235 Ind. 234, 236, 131 N. E. 2d 646.

2. The burden is on the appellant to prove by a fair preponderance of the evidence that he was denied his legal or constitutional rights. *Grecu* v. *State, supra* (1956), 235 Ind. 234, 236, 131 N. E. 2d 646; *Sells* v. *State* (1952), 231 Ind. 137, 142, 107 N. E. 2d 264.

3. "The function of a writ of error coram nobis is limited to the correction of an error of fact *not appearing on the record* and lies to the same court, in order that it may correct the error which, it is presumed, would not have been committed had the facts in the first instance been brought to its notice." *Obie* v. *State* (1952), 231 Ind. 142, 146, 106 N. E. 2d 452.

4. Matters which were known to appellant at the time of the trial and might at that time have been submitted to the trial court and adjudicated, cannot later be presented to this court by a writ of error coram nobis. *Dowling et al.* v. *State* (1954), 233 Ind. 426, 430, 118 N. E. 2d 801; *Copeland* v. *State* (1961), 242 Ind. 290, 176 N. E. 2d 894, 896.

5. When a question is raised concerning the competency of counsel, as appellant has attempted to do here, it will be presumed that he discharged his full duty, and "this presumption will prevail until overcome by a strong and convincing proof." *Dowling et al.* v. *State, supra* (1954), 233 Ind. 426, 431, 118 N. E. 2d 801. See also: *Arnold* v. *State* (1959), 239 Ind. 592, 596, 159 N. E. 2d 278.

In appellant's petition for the writ he alleged (a) that the indictment failed to charge a public offense, and that the offense was not charged with sufficient certainty; (b) that he was held in jail for a period in excess of two months before an indictment was returned; that he was not permitted to be present at the impaneling of the grand jury; and that he was at that time without counsel; (c) that the State's attorney suppressed certain evidence at the time of the trial; (d) that there was a variance between the date alleged in the indictment and the date given by witnesses for the State as the date when the alleged

crime was committed; (e) that one of his witnesses failed to answer a subpoena and appear at the trial; (f) that the verdict of the jury was not "responsive to the charge contained in the indictment"; and (g) that his court-appointed trial counsel was incompetent.

Allegations (a) to (f), inclusive, of the petition are facts which were known to appellant at the time of his trial and could, at that time, have been submitted to the trial court and adjudicated. Having failed to do so, any questions pertaining thereto are waived and cannot now be presented in a proceeding for a writ of error coram nobis. *Dowling et al.* v. *State, supra* (1954), 233 Ind. 426, 430, 118 N. E. 2d 801; *Copeland* v. *State, supra* (1961), 242 Ind. 290, 176 N. E. 2d 894, 895.

No evidence was submitted by appellant to overcome the presumption that his trial counsel properly and competently represented him at his trial. However, if we were to consider the allegations of appellant's petition, which were denied by the State, as true, they are in our judgment without merit and not sufficient to overcome the presumption with which his attorney is clothed.

A proper remedy was afforded appellant by the appeal from his conviction, and he may not now employ coram nobis as a substitute in order to bring these questions before this court. *Yessen* v. *State* (1955), 234 Ind. 311, 315, 126 N. E. 2d 760.

For the foregoing reasons the judgment of the trial court must be affirmed.

Judgment affirmed.

Landis, C. J., Achor, Arterburn and Jackson, JJ., concur.

NOTE.—Reported in 177 N. E. 2d 395.