PENN V. STATE OF INDIANA.

[No. 30,046. Filed November 8, 1961. Rehearing denied January 19, 1962.]

*Albert L. Doyle,* of Mishawaka, for appellant.

*Edwin K. Steers,* Attorney General, *Harriette Bailey Conn,* Deputy Attorney General and *Walter J. Bixler,* Prosecuting Attorney, of Peru, for appellee.

ACHOR, J.—This is an appeal from a judgment entered on May 20, 1959, in the Miami Circuit Court, wherein the court denied appellant a writ of error coram nobis. By this action appellant attacks the validity of proceedings in the Miami Circuit Court by which he had previously been convicted upon his plea of guilty of robbery with physical injury inflicted during robbery, under Acts 1941, ch. 148, §6, p. 447 [§10-4101, Burns' 1956 Repl.].[1]

---

1. "Harold Flinn, being first duly sworn upon his oath alleges and says, that on or about the 30th day of April, 1955, in the County of Miami and State of Indiana, one Robert Earl Penn did then and there unlawfully, feloniously and forcibly and by violence and putting one Charles Calvin Taylor in fear, rob, take and steal from the Person of said Charles Calvin Taylor one automobile, to-wit: a black 1955 model Ford Coach then and there of the value of Twenty-one Hundred Dollars ($2,100.00) then and there belonging to the said Charles Calvin Taylor, and did then and there inflict wounds and other physical injury upon the body and person of the said Charles Calvin Taylor with a bludgeon or other deadly and dangerous weapon or instrument while in the commission of the act of robbing the said Charles Calvin Taylor contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana." Record, p. 3.

Appellant here urges that the finding herein is contrary to law for the following reasons:

One: "The appellant before and after arrest and prior to sentencing was denied his constitutional rights.

Two: "Prior to sentencing, the appellant was not properly and adequately advised of his constitutional rights.

Three: "The appellant was not properly and legally committed." Brief for Appellant, p. 38.

We now consider the arguments advanced by appellant in the order above stated.

*One:* In support of his contention that his arrest was illegal, appellant relies upon the fact that, in his verified petition for writ of error coram nobis, appellant stated that he was arrested in the state of Michigan on the 30th day of April, 1955; that he waived extradition and voluntarily returned to the state of Indiana; that he was placed in the Miami County jail and there was held in custody by the sheriff until May 10th without having been taken before a magistrate. Because these verified allegations of fact were not denied by any pleading filed by the state, or refuted by any direct evidence at the hearing, appellant contends that they must be accepted as true and that the illegality of appellant's arrest is thereby established as a matter of law.[2]

---

2. "Verified pleadings and affidavits filed therewith or in support thereof, or opposed thereto, in any proceeding for a writ of error coram nobis shall be considered as evidence without the introduction thereof on the trial of the petition. All such shall be a part of the record without a bill of exceptions. If, besides the pleadings and affidavits, additional evidence, including additional affidavits introduced in evidence, is heard, such must be brought into the record by bill of exceptions to be considered on appeal." Ind. Sup. Ct. R. 2-40A (1958 ed.).

"[U]ncontradicted statements of fact in behalf of petitioner will be taken as true." *Abraham* v. *State* (1950), 228 Ind. 179, 181, 91 N. E. 2d 358.

The facts which appellant has alleged under oath do not necessarily mean that his arrest in the state of Michigan and his imprisonment in the state of Indiana pending arraignment were contrary to law. Although the facts stated in the affidavit for writ of error coram nobis will, under Rule 2-40A of this court, "be considered as evidence without the introduction thereof on the trial of the petition," this does not necessarily mean that the statements therein contained must be accepted as true merely because they are not categorically denied. They may be discredited or contradicted by other facts which are made to appear in the proceedings, and when this circumstance exists it is the duty of the trial court to weigh all the evidence and resolve the apparent conflict in the evidence. *Schmittler* v. *State* (1950), 228 Ind. 450, 465, 93 N. E. 2d 184.[3]

On appeal, all the presumptions are in favor of the regularity of the proceedings in the trial court. *Dobson* v. *State* (1961), 242 Ind. 267, 177 N. E. 2d 395. Therefore, this court will not disturb the judgment of the trial court except upon proof of error.

In this particular case appellant's verified petition has not stated by whom or under what circumstances or upon what charges, if any, he was arrested in the state of Michigan. For all that appears, his arrest in Michigan may have been "in hot pursuit" following the crime in Indiana on the same day, or it may have been made for a different crime committed in the state of Michigan. Under either circumstance we must assume that the arrest was legal. It *does* appear from the record before us that appellant

---

3. Overruled, in part, on a pleading point not pertinent to the disposition of the case at bar.

was charged by affidavit in the Miami Circuit Court on May 2, 1955 with the crime with which we are here concerned and that he was arrested on May 4, 1955, with bail set. Under appellant's own statement, he waived extradition and voluntarily returned to the state of Indiana to answer the charges upon which he was convicted in this state. From the record before us we cannot determine that appellant was illegally arrested in the state of Michigan or that he was returned to the state of Indiana in contravention of the laws concerning the rendition and extradition of fugitives.

Furthermore, appellant's complaint, with respect to his arrest, that he was not promptly brought before a magistrate pursuant to the provisions of Acts 1939, ch. 137, §1, p. 671 [§9-704, Burns' 1956 Repl.], is without merit. The statute upon which appellant relies has no application in this case. It is applicable only under circumstances where the warrant of arrest is issued by a magistrate, justice of the peace or city judge. However, in the case at bar appellant was arrested on authority of a bench warrant issued by and pursuant to an affidavit filed in the Miami Circuit Court, under authority of §§9-908[4] and 9-1001,[5] Burns' 1956 Repl. Under this procedure

---

4. "All public offenses, except treason and murder, may be prosecuted in the circuit or criminal court, by affidavit filed in term time, in all cases except when a prosecution by indictment or affidavit for the same offense is pending at the time of the filing of such affidavit. And such affidavit may be filed in vacation time as in term time, but only with the approval of the judge of such court, who may arraign and admit to bail as in term time, or may receive a plea of guilty and proceed forthwith as in term time." Acts 1927, ch. 132, §4, p. 411 [§9-908, Burns' 1956 Repl.].

5. "(a) When an indictment is found or an affidavit filed against a person charging him with the commission of an offense, the court or a judge thereof shall, subject to the provisions of subsection (b) [of] this act, direct the clerk to issue immediately a warrant of arrest returnable forthwith. . . ." Acts 1937, ch. 247, §1, p. 1171 [§9-1001, Burns' 1956 Repl.].

appellant had no right to a preliminary hearing before a magistrate, but only to be arraigned and to be let to bail in the Circuit Court. See: *Sisk* v. *State* (1953), 232 Ind. 214, 222, 110 N. E. 2d 627. This procedure was followed.

In contradiction to appellant's general contention that his constitutional rights were violated with regard to the manner of his arrest and the time of his arraignment, it appears of record that he was formally charged with the crime for which he was arrested on affidavit filed in the Miami Circuit Court on May 2; that he was arrested under authority of a warrant on May 4, with bail set on that day; and that he was arraigned on May 10, six days after his arrest under the warrant issued by reason of the offense committed.

Under the facts above presented, it does no appear that any of appellant's constitutional rights were violated with respect to the time and manner of his arrest or of his retention prior to arraignment.

*Two:* Appellant contends that he was not properly and adequately advised of his constitutional rights prior to the entering of his plea of guilty and sentencing. Although we agree that the record does not demonstrate in clear and unequivocal language that appellant was specifically informed regarding all his constitutional rights, or that he understood all of such rights before entering his plea of guilty, nevertheless we are not able to say from all the record as it appears before us that appellant was not fully informed regarding his constitutional rights prior to his entering a plea of guilty.

It should be noted that appellant had been provided with counsel at public expense and we must assume that the counsel discharged his duty by informing his client regarding the nature of the crime with which he was charged, the penalty imposed, and appellant's constitutional rights to trial by jury, to subpoena and be confronted by witnesses, etc., and this presumption will prevail until overcome by strong and convincing proof. *Dowling et al.* v. *State* (1954), 233 Ind. 426, 431, 118 N. E. 2d 801.

Furthermore, the record discloses that the court instructed other defendants regarding their constitutional rights in the presence of the defendant and when he interrogated the defendant the latter stated that he had heard and understood his constitutional rights as they had been explained to other defendants.

Also, it is to be noted that in this case, although appellant alleged in his affidavit and stated on the witness stand that he was not fully informed as to his constitutional rights either by his court-appointed counsel or by the court itself, an examination of his affidavit and testimony upon this subject discloses that the only specific matter regarding which he asserts that he was not fully informed is the fact that the offense with which he was charged and to which he pleaded guilty carried a sentence of life imprisonment. However, there is serious conflict even upon this issue. The record clearly shows that the court, before accepting appellant's plea of guilty, read the affidavit by which appellant was charged. Furthermore, according to the record at p. 32, the court read the controlling statute which, by clear and concise language, provided that for the crime the accused "shall, upon conviction, be im-

prisoned in the state prison for life."[6] And, according to appellant's own testimony, the court tried to explain the penalty which the crime imposed. Thus it appears, as a matter of record, that the appellant *was* informed regarding the penalty prescribed by the statute which defined the offense to which he pleaded guilty.

We next give attention to several contradictions in appellant's testimony which the trial court was required to consider in evaluating appellant's testimony. In appellant's verified petition he stated:

> "[I]t is true petitioner entered a plea of not guilty on May 10th 1955, and only through inducements by the *prosecuting attorney* and the sheriff of said county, was this courts petitioner induced to change his plea, on the presumptions that the court would impose a maximum term which would not exceed 10 years." Record, p. 27. [Emphasis added.]

This is a serious accusation, made with respect to public officers. However, at the hearing appellant concedes that no such representations were made by the *prosecuting attorney*. Appellant testified that the representation was made *only* by the sheriff. This contradiction could not be ignored by the trial court, nor will we do so.

A further contradiction to appellant's statement that his plea of guilty was the result of a false inducement made by the sheriff is found in the record, made at the time of appellant's commitment. At that

---

6. "Whoever inflicts any wound or other physical injury upon any person with any firearm, dirk, stiletto, bludgeon, billy, club, blackjack, or any other deadly or dangerous weapon or instrument while engaged in the commission of a robbery, or while attempting to commit a robbery, *shall, upon conviction, be imprisoned in the state prison for life.*" Acts 1941, ch. 148, §6, p. 447 [§10-4101, Burns' 1956 Repl.] [Emphasis added.]

time he stated that in order to exonerate his companion from any responsibility with respect to the crime he accepted full responsibility of the crime of robbing and bludgeoning the owner of a car with whom he and the companion were hitchhiking. At the hearing on coram nobis the appellant changed his story to the effect that he beat the owner of the automobile in a fit of rage prompted by a statement made by his victim, and that robbery was solely the act of his companion. In still a further contradiction appellant, on cross-examination at the proceedings in error coram nobis, reversed his story by stating that he pleaded guilty because he was guilty. This complete and repeated reversal of position regarding his guilt and the apparent perjury of the appellant regarding the circumstances under which he entered his plea of guilty are matters which the court was required to consider along with appellant's verified statement that he did not understand the import of his plea of guilty. See: *Schmittler* v. *State* (1950), 228 Ind. 450, 93 N. E. 2d 184.

Under the circumstances here present the court concluded that the appellant was, in fact, fully informed of his constitutional rights and that, notwithstanding his statement to the contrary, he understood the consequences of his plea but nevertheless entered such plea of guilty because he was guilty and because he wanted to exonerate his companion from all responsibility in the crime.

*Three:* Appellant claims that he is now improperly confined to the Indiana State Prison because the transcript of the proceedings at the arraignment and sentence indicates that he was, by the oral pronouncement of the court, sentenced "to the Indiana State Reformatory for the period of your life. . . ." [Record,

p. 32.] It is true that the longhand transcript of the record of the proceedings at the time of commitment, as reported by the shorthand reporter, states that the appellant was orally ordered committed to the Indiana State Reformatory. However, it is apparent that if the judge so publicly announced the place of commitment such announcement was erroneous under the statute. Under the statute it is mandatory that appellant be committed to the Indiana State Prison [not the Indiana State Reformatory]. Acts 1941, ch. 148, §6, p. 447 [§10-4101, Burns' 1956 Repl.].

Furthermore, the Order Book entry of commitment, made by the court on the 20th day of May, 1955 (the same day), reads as follows:

"And the court, having heard the evidence and being sufficiently advised in the premises, now finds, and it is now so ordered, adjudged and decreed, that the defendant is guilty as charged and that he is twenty-five years of age, and that he should be, and now is sentenced to the Indiana State Prison for the term of his life." Record, p. 9.

Whether the court reporter *pro tem* erroneously noted the place of commitment as verbally ordered by the court, or whether the court mistakenly named the wrong penal institution as the place of commitment and corrected the error by means of the Order Book entry of commitment is not material to this proceedings. The statute which provided for the crime for which appellant was sentenced makes imprisonment in the Indiana State Prison mandatory, and if error was committed by the court with respect to the institution in which appellant was ordered confined, it was his duty to enter of record the correct sentence in the Order Book. See: *Marshall* v. *State* (1949), 227 Ind. 1, 83 N. E. 2d 763.

Appellant has failed to sustain his burden of proof by fair preponderance of the evidence that he was denied some legal or constitutional right which is a proper subject of error coram nobis; therefore, the judgment must be affirmed. *Grecu* v. *State* (1956), 235 Ind. 234, 131 N. E. 2d 646; *Sells* v. *State* (1952), 231 Ind. 137, 107 N. E. 2d 264.

Also a copy of this opinion is ordered mailed to the warden of the Indiana State Prison for consideration by him as to imposing penalties for the false swearing contained in appellant's verified petition, as provided by §9-3307, Burns' 1956 Repl.[7]

Judgment is affirmed.

Landis, C. J., Arterburn and Bobbitt, JJ., concur.

Jackson, J., dissents with opinion.

---

7. "Hereafter if any petitioner for writ of error coram nobis or for a writ of habeas corpus in any court, state or federal, shall in his verified petition, or in any said affidavit, or deposition, or examination taken in any said proceeding, or as a witness swear or affirm falsely touching any allegation of fact, the same shall be considered bad conduct. If such petitioner so guilty of bad conduct as defined by this section be serving a determinate sentence, the warden or superintendent of such institution, by and with the consent of the board of trustees thereof, shall have the power, upon a hearing, to deprive such prisoner of any portion or all the good time, not exceeding one year, gained or which may thereafter be gained by such prisoner pursuant to any law or the rules or regulations of such institution concerning the diminution of sentence. If such petitioner so guilty of bad conduct as defined by this section be serving an indeterminate sentence, the warden or superintendent of such institution, by and with the consent of the board of trustees thereof, shall have the power, upon a hearing, to extend the time, not to exceed one year, when he shall be eligible to apply for a parole or an absolute discharge upon such indeterminate sentence. If such petitioner be on parole, such bad conduct shall be cause for revocation of parole after hearing and determination by the warden or superintendent and board of trustees of such institution, and upon such determination the petitioner shall be ineligible to apply for a parole or an absolute discharge for such time during the remainder of his sentence as said authorities shall determine." Acts 1947, ch. 189, §7, p. 625 [§9-3307, Burns' 1956 Repl.].

### DISSENTING OPINION

JACKSON, J.—The record in this case discloses that the Judge of the Miami Circuit Court swore the prosecuting witness, Harold E. Flinn, to the affidavit charging the appellant with the crime of which he was subsequently convicted by the same Judge. Thereafter, on the 20th day of May, 1955, the Judge sentenced appellant to prison for life.

As pointed out in the majority opinion the appellant does not state by whom, under what circumstances or upon what charges he was arrested in the State of Michigan. He does, by verified petition, aver that he was arrested in the State of Michigan on the 30th day of April, 1955. The record discloses that the bench warrant on which appellant was arrested was issued on May 4, 1955. In that connection, and with reference to appellant's contention that "uncontradicted statements of fact in behalf of the petitioners will be taken as true," *Abraham* v. *State* (1950), 228 Ind. 179, 181, 91 N. E. 2d 358, the State in its brief at pages 11 and 12 says in part "[i]t is to be noted that, although in the face of Appellant's uncontradicted verified statement that he was arrested in Michigan on April 30, 1955 the record is silent as to any arrest of Appellant under a warrant prior to May 4, 1955; however, such silence does not support Appellant's conclusion of law that he was thereby illegally detained. . . ."

The majority opinion herein relies heavily on the case of *Schmittler* v. *State* (1950), 228 Ind. 450, 93 N. E. 2d 184, in affirming the judgment of the trial court in the matter of this appeal. It is here pointed out that there were two vigorous dissents to that opinion by able members of this court, the disssenting

opinions bearing directly on the questions here in issue and being supported by ample authority. We further point out that the *Schmittler* case was in large part overruled by the case of *State* v. *Lindsey; State* v. *Carroll* (1952), 231 Ind. 126, 106 N. E. 2d 230.

The judgment of the trial court should be reversed, with instructions to grant the petition for writ of error coram nobis and to permit appellant to withdraw his plea of guilty.

## On Petition For Rehearing

Achor, C. J.—As cause for rehearing appellant asserts that this court erred in its opinion and decision in the following:

> "In failing to give a statement in writing and in failing to give a decision thereon of a substantial question arising on the record, and presented by appellant's brief, two-wit: As to whether the trial court erred in failing to ask the appellant if he had any legal cause to show why judgment should not be pronounced upon him, as required by Section 9-2205, Burns' Ind. Statutes, Annotated, 1956 Repl. Vol. 4, Part 1."

This question was not discussed in oral argument to this court. However, upon re-examination of appellant's brief we note that the issue was raised at page 57. Since counsel did not in the course of oral argument formally waive the issue, it is proper for appellant to request this court to make a statement in writing and render a decision upon this question of law.

The statute which is controlling of the circumstances here involved is as follows:

> "When the defendant appears for judgment, he must be informed by the court of the verdict of

the jury, or the finding of the court, and asked whether he have any legal cause to show why judgment should not be pronounced upon him." Acts 1905, ch. 169, §294, p. 584 [§9-2205, Burns' 1956 Repl.].

However, in construing the above statute, it must be observed that it is an integral part of the 1905 Act which dealt exclusively with the matter of the pronouncement of judgment against the defendant "after a finding or verdict of guilty."[1] Such a circumstance exists only after a plea of *not guilty, trial* and a resulting *finding and verdict of guilty.*

The statute does not have application under a circumstance where a defendant *pleads guilty* to the

---

1. "After a finding or verdict of guilty, against the defendant, if a new trial be not granted, or the judgment be not arrested, the court must pronounce judgment." Acts 1905, ch. 169, §290, p. 584 [§9-2201, Burns' 1956 Repl.].

"For the purpose of judgment, if the conviction be for an offense punishable by death or imprisonment, the defendant must be personally present; if for a fine only he must be personally present, or some responsible person must undertake for him to replevy the judgment and costs; judgment may then be rendered in his absence." Acts 1905, ch. 169, §291, p. 584 [§9-2202, Burns' 1956 Repl.].

"When the defendant is convicted of any offense, if he be in custody, the court may direct the officer in whose custody he is to bring him before it for judgment." Acts 1905, ch. 169, §292, p. 584, [§9-2203, Burns' 1956 Repl.].

"If in any case the defendant be not present when his personal attendance is necessary, the court may order the clerk to issue a warrant for his arrest, which may be served in any county of this state, as a warrant of arrest in other cases is served." Acts 1905, ch. 169, §293, p. 584 [§9-2204, Burns' 1956 Repl.].

"When the defendant appears for judgment, he must be informed by the court of the verdict of the jury, or the finding of the court, and asked whether he have any legal cause to show why judgment should not be pronounced upon him." Acts 1905, ch. 169, §294, p. 584 [§9-2205, Burns' 1956 Repl.].

"If not sufficient cause be alleged or appear to the court why judgment should not be pronounced, it shall thereupon be rendered." Acts 1905, ch. 169, §295, p. 584 [§9-2206, Burns' 1956 Repl.].

offense of which he is charged. Under such circumstances, having previously been apprised of his rights under the law, there is no basis under which a defendant could show "legal cause . . . why judgment should not be pronounced upon him." [§9-2205, *supra*] *By his plea of guilty,* appellant, in effect, admitted that no legal cause exists why judgment should not be pronounced. Therefore, §9-2205, *supra,* is not applicable under circumstances where there is no verdict of the jury or a finding of the court.[2]

It is only under circumstances where a defendant has (1) pleaded not guilty to a charge and has been tried and found guilty and (2) has not filed a motion for new trial or motion in arrest of judgment, therin asserting reasons of law why judgment should not be pronounced, that such defendant (who may be without counsel) must be given the opportunity to state orally to the court "any legal cause [if there be any] to show why judgment should not be pronounced upon him." [§9-2205, *supra.*] *Lillard* v. *The State* (1898), 151 Ind. 322, 50 N. E. 383; *McCorkle* v. *The State* (1860), 14 Ind. 39.[3]

Petition for rehearing is denied.

Arterburn, Bobbitt and Landis, JJ., concur.

Jackson, J., dissents.

NOTE.—Reported in 177 N. E. 2d 889. Rehearing denied 179 N. E. 2d 283.

---

2. When a plea of guilty is entered, no finding is necessary and judgment follows the plea. *Witte* v. *Dowd, Warden* (1951), 230 Ind. 485, 496, 102 N. E. 2d 630, 635, 344 U. S. 841, 97 L. Ed. 654, 73 S. Ct. 54.

3. For a general consideration of propositions related to the above issue, see, 113 A. L. R. 821.