guilty, and the finding and decision of the Court is not contrary to law.

Judgment is affirmed.

Achor, Bobbitt, Emmert and Landis, JJ., concur.

NOTE.—Reported in 142 N. E. 2d 603.

ENLOW *v.* STATE OF INDIANA.

[No. 29,506. Filed June 3, 1957.]

*Russell S. Armstrong,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

ACHOR, J.—On August 17, 1954, appellant, who was 48 years of age, was charged by affidavit in the Crawford Circuit Court with the crime of incest with his daughter. He pleaded guilty and was sentenced to imprisonment in the Indiana State Prison for from two to 21 years. On October 3, 1955, appellant filed a petition for writ of error *coram nobis,* which petition was later amended. A trial was had on June 12, 1956. It is from the denial of this petition that appellant appeals to this court.

Appellant's assignment of error is that the judgment is contrary to law.

Appellant's argument herein falls into four divisions: "(1) That his constitutional right to counsel was denied to him by reason of the trial court's failure to explain such rights to him fully at the time of his arraignment; (2) that his plea of guilty was not made as his free and open choice because of an undue fear motivated within him by the representatives of the State of Indiana, appellee herein; (3) that his constitutional rights were further invaded under the circumstances by reason of the speed and haste with which his plea was sought in and accepted by the court below; and (4) that the testimony and the circumstances in which his said plea was nurtured and from which it sprung are grossly insufficient to justify his sentencing."

With regard to appellant's first contention that his constitutional right to counsel was denied him, appellant more specifically contends that the court's instruction to the appellant before arraignment regarding his right to counsel was so phrased that it caused appellant to un-

derstand that he was entitled to counsel at state expense only in event he pleaded not guilty to the charge.

Prior to arraignment, after reading the indictment and pertinent statute, the court made the following statement to appellant regarding his constitutional right to be represented by counsel:

"Q. It is the duty of the Court to advise you now, that anyone charged with a crime has a perfect right to have the services of an attorney at all times. Do you now have such attorney?

"A. No sir.

"Q. Do you want an attorney?

"A. No sir.

"Q. Even though you state to the Court you do not want an attorney to represent you it is still the duty of the Court to advise you that should you enter a plea of 'Not Guilty' you have the right to a public trial by an impartial jury. And if you do not have the money, means or credit to hire an attorney to represent you in this case it is the duty of the Court to appoint one for you at the expense of the County. Do you understand that?

"A. Yes sir.

"Q. But, as I understand you, you do not want an attorney?

"A. No sir."

It is our opinion that the above instruction was sufficient. It informed appellant that "being charged with a crime" he had a "perfect right" to counsel "at all times" and that if he did not have "money, means or credit to hire an attorney" to represent him in this case it was the duty of the court to appoint an attorney for him in the case "at the expense of the county" and this instruction was given without regard as to whether his plea was "guilty" or "not guilty." Thus

the court did everything but thrust counsel upon appellant.

Points 2, 3 and 4 in the argument asserted by appellant all involve a consideration of actual circumstances existing at the time of his arraignment, which circumstances allegedly affected his emotional state and resulted in a denial of his constitutional right of due process. These contentions do not warrant an extended consideration. Appellant had made a formal confession of the offense charged against him and told the arresting officers that he had been expecting them and stated that he wanted to get the matter over with. He was advised of the charge made against him, of the penalty which it imposed and of his rights in connection with the case. He stated positively on several occasions that he did not want an attorney and thereafter pleaded guilty to the charge. His confession was supported by the testimony of his own children. The arresting officers, the prosecutor and the nurse testified that there had been no threats, duress or persuasion on their part which would reasonably have incited fear in the appellant, and that the confession which he made was made freely and knowingly given. Although only three hours elapsed from the time of appellant's arrest to his conviction, it does not appear that his rights were in anywise adversely affected by the alleged "haste" of the proceedings. It was he who "wanted to get it over with."

In a proceedings for a writ of *coram nobis* the burden is on the defendant to prove he was denied legal constitutional rights by a fair preponderance of the evidence. *Sells* v. *State* (1952), 231 Ind. 137, 107 N. E. 2d 264. The trial court, after considering all the evidence, concluded that the appellant had not sustained this burden of proof. We cannot say that the record before us compels a different conclusion.

Judgment is therefore affirmed.

Arterburn, C. J., Emmert & Landis, JJ., concur.

Bobbitt, J., not participating.

NOTE.—Reported in 142 N. E. 2d 605.